GILKES, Admr., et al., Appellants,

v.

WARREN GENERAL HOSPITAL, Appellee.

[Cite as *Gilkes v. Warren Gen. Hosp.* (1993), 90 Ohio App.3d 237.]

Court of Appeals of Ohio,
Trumbull County.

No. 93–T–4828.

Decided Sept. 30, 1993.

William C.H. Ramage and Richard D. Goldberg, for appellants.

Daniel G. Keating and Toni Marcheski–Fronk, for appellee.

CHRISTLEY, Presiding Judge.

This is an appeal from a judgment of the Trumbull County Court of Common Pleas, granting the motion of appellee, Warren General Hospital, for summary judgment against appellants, Mildred Gilkes, administrator of the estate of Vivian Gilkes, deceased, and the decedent's children, Robert and Gwendolyn Gilkes.

On February 7, 1992, appellants filed a complaint alleging negligence against appellee which caused severe emotional distress on the part of appellants in that they alleged that appellee's conduct prevented the proper services for interment of the decedent. On March 11, 1992, appellee filed an answer which generally denied the allegations in the complaint. The answer also contained several affirmative defenses including the statute of limitations, failure to state a cause of action, and an allegation that R.C. 3701.244(D) and 3701.244(E) barred appellants' cause of action. On October 8, 1992, appellee filed a motion for summary judgment. In the motion, appellee provided affidavits from a Dr. Rosenberry and Nurse Spackman. These affidavits revealed the following.

Dr. Rosenberry, an employee of appellee, was called to see decedent when she experienced emergency respiratory arrest. Dr. Rosenberry stated that the decedent was severely emaciated beyond the expectation for her age, and he was unable to "gain intravenous access via peripheral routes." Thus, he proceeded to insert a "subclavian catheter in order to access patient's venous circulation." This resulted in a large amount of blood loss. Dr. Rosenberry stated that, due to decedent's severely emaciated state, and given a great risk of exposure to medical personnel, he ordered an HIV test be performed on the decedent. He stated that he had no prior history on the patient, and if no HIV test was done at that point, it would later be impossible to obtain since the decedent would be buried.

The affidavit of Nurse Spackman indicates that, after the death of decedent she placed a tag on the body stating "POSS. HIV POS." which indicated to the funeral home that an HIV test had been performed but no results were yet available. Affiant stated that this was the normal procedure at appellee hospital, and that the body was tagged to alert the mortician in order that he might exercise the necessary precautions in rendering his services.

Appellee's motion for summary judgment referred to several sections of the Revised Code which authorize physicians to perform HIV testing on patients when medically necessary to avoid or minimize immediate danger, require health care facilities to notify funeral directors and embalmers of possible exposure to HIV, and grant civil immunity to health care providers who act in good faith pursuant to these sections.

In their brief in opposition to appellee's motion for summary judgment, appellants presented no affidavits, exhibits, case law or statutory provisions in support of their opposition to the motion. Rather, appellants alleged that appellee performed an unnecessary test and failed to notify the funeral home when it learned that the test had been negative.

Appellee filed a response to appellants' brief in opposition which included a copy of the HIV lab report and the certificate of death of decedent. These exhibits revealed that the HIV test results were not made available to appellee until the day of decedent's burial.

Appellants advance one assignment of error:

"The trial court committed error prejudicial to the appellant[s] when it sustained defendant-appellee's motion for summary judgment for the reason that defendant-appellee did not set forth sufficient facts entitling it to such judgment."

Civ.R. 56(C) states:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Civ.R. 56(E) states:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 333, 587 N.E.2d 825, 831, the Ohio Supreme Court stated, "we must be mindful that ' "[s]ummary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion." ' (Citations omitted.)" *Id.,* quoting *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616.

In *Wing v. Anchor Media, Ltd. of Texas* (1990), 59 Ohio St.3d 108, 570 N.E.2d 1095, at paragraph three of the syllabus, the court stated:

"A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. (*Celotex v. Catrett* [1986], 477 U.S. 317 [106 S.Ct. 2548, 91 L.Ed.2d 265], approved and followed.)"

In the present case, appellee filed an answer to appellants' complaint, setting forth several affirmative defenses. Appellee's motion for summary judgment included supporting affidavits which made it clear that there were no genuine issues as to any material facts. Further material was included in its response to appellants' brief in opposition. In addition, appellee referenced the statutory provisions which permitted or required appellee's actions. In response, appellants failed to produce any evidence on any issue for which it would bear the burden of production at trial, particularly the issue of "good faith" set out in the cited statutory sections. Rather, appellants argued that appellee had failed to produce sufficient facts to succeed in its motion. The only evidence as to the merits or the affirmative defenses that the trial court had before it was that provided by appellee. That evidence, along with the statutory provisions cited by appellee, demonstrated that appellee was entitled to summary judgment as a matter of law. As appellants failed to produce any evidence as required by *Wing,* appellants' assignment is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.