DINKEL et al., Appellants,

v.

LINCOLN PUBLISHING (OHIO), INC., Appellee.

[Cite as *Dinkel v. Lincoln Publishing (Ohio), Inc.* (1994), 93 Ohio App.3d 344.]

Court of Appeals of Ohio,
Butler County.

No. CA93–07–141.

Decided Feb. 28, 1994.

*John A. Lloyd, Jr.,* for appellants.
*Scheper & McGowan* and *James H. Scheper,* for appellee.

WALSH, Judge.

Plaintiffs-appellants, Linda A. Dinkel, Michele C. Ardema, and Diana K. Stamler, appeal a decision of the Butler County Court of Common Pleas granting a motion for summary judgment filed by defendant-appellee, Lincoln Publishing (Ohio), Inc.

Dinkel and Stamler are nurses and Ardema is a medical technologist. All three are employed by Mercy Hospital, Hamilton, Ohio, and were working at the hospital on the evening of March 26, 1992. On that evening, a woman named Lisa Farris was brought into Mercy Hospital's emergency room for treatment of a drug overdose. Hamilton Police Officer Brian Rowe accompanied Farris to the hospital. During treatment, Farris became violent and assaulted all three appellants. These assaults were witnessed by Officer Rowe, who filed several police reports detailing the facts of the incidents.

The police reports indicated that Farris ripped IV tubes from her arm and slapped Dinkel, splashing blood into Dinkel's face and mouth. Farris then kicked Stamler, who sustained a torn ligament in her thumb during the struggle to subdue Farris. Then, while Ardema was attempting to draw blood from her,

Farris broke loose from her restraints and struck Ardema, who sustained a laceration on her arm. The police reports also stated: "Farris is suspected of being HIV-positive. She has an extensive history of prostitution and intravenous drug abuse."

On March 28, 1992, Laura Kinney, a reporter for the Hamilton Journal News, a newspaper owned by appellee, wrote an article for the newspaper which was published under the headline, "Woman Claiming AIDS Charged with Assault." The first paragraph of the article read as follows:

"A Hamilton woman claiming to be infected with the AIDS virus was charged with three counts of assault Thursday night after she allegedly injured three nurses at Mercy Hospital in Hamilton, according to Hamilton police reports."

The body of the article recounted the facts of the assaults on appellants, referring to them by name and following closely the language of the police reports. The final paragraph of the article stated:

"Police and court officials said they were not at liberty to reveal whether Farris is HIV-positive."

On June 11, 1992, appellants filed a complaint in the Butler County Court of Common Pleas, demanding a judgment against appellee for compensatory and punitive damages for its publication of Kinney's article on the grounds that the article defamed them, invaded their privacy, and placed them before the public in a false light. On August 5, 1992, appellee filed its answer, denying the allegations in the complaint. Appellee later filed a motion for summary judgment, which was granted by the trial court in a decision issued June 18, 1993. Appellants contend that such was error. We disagree.

Appellants claim that the newspaper article's characterization of Lisa Farris as "a woman claiming to be infected with the AIDS virus" and its statement that such information was obtained from the Hamilton police records were false and that appellants were defamed as a result of this characterization and caused to be subjected to publicity that placed them in a false light and constituted an invasion of their privacy. Appellee, however, contends that it is not liable for defamation as a matter of law and that it was privileged to publish information contained in the official police records without incurring liability by reason of the "record" or "fair report" privilege of R.C. 2317.05.

R.C. 2317.05 provides that the publication of a fair and impartial report of the contents of a police report is privileged, unless it is proven that it was published maliciously. The privilege applies if the news report (1) deals with a matter of public concern; and (2) is a "fair and substantially accurate account" of the information contained in the police or other official government report.

*Haynik v. Zimlich* (C.P.1986), 30 Ohio Misc.2d 16, 19, 30 OBR 279, 282, 508 N.E.2d 195, 198.

As the trial court pointed out, the events reported in appellee's article were of legitimate concern to the public. Farris, who overdosed, was brought to the emergency room of a public hospital by the Hamilton life squad and accompanied by a Hamilton police officer. Farris then assaulted the individuals who were attending her at the hospital. This certainly gave rise to a newsworthy event of which the public had an expectation of disclosure. See *Penwell v. Taft Broadcasting Co.* (1984), 13 Ohio App.3d 382, 384, 13 OBR 466, 467, 469 N.E.2d 1025, 1027. Appellants can hardly claim that these events were purely private matters. See *Haynik, supra,* 30 Ohio Misc.2d at 22, 30 OBR at 285, 508 N.E.2d at 200.

Furthermore, we agree with the trial court that appellee's article was a fair and substantially accurate account of the information contained in the police reports. Appellants claim that the article was not a fair and accurate account inasmuch as the article asserted that Farris *"claimed"* to have AIDS, while the police reports stated that she was *"suspected"* of having AIDS.

The law provides that:

"Plaintiff [appellants] cannot defeat summary judgment by raising purported *minor discrepancies* between the news reports and the official information. A news report is considered a substantially accurate account of official government information or of a government report if the 'gist' or the 'sting' of the allegedly defamatory aspects of the news report, taken as a whole, accurately reflects the substance of the judicial proceedings or other information obtained from official sources. Errors as to secondary facts, that is, facts which do not change the import of the story or substantially alter the substance of the allegedly defamatory (but protected) aspect of the story, are not actionable." (Emphasis added.) *Haynik, supra,* at 20–21, 30 OBR at 284, 508 N.E.2d at 199–200. See, also, *April v. Reflector–Herald, Inc.* (1988), 46 Ohio App.3d 95, 98, 546 N.E.2d 466, 469 ("literal accuracy is not a prerequisite").

The only true change from the police reports was the transformation of the original statement in the reports that Farris was "suspected" of having AIDS, to the statement in the news article that she "claimed" to have AIDS. Since the article did not state that any of the *appellants* in this matter were "claiming" to have AIDS, but rather that Farris, the *assailant,* had claimed to have AIDS, such is a minor discrepancy and merely a matter of semantics. As the trial court explained:

"The plaintiffs [appellants] claim they were cast in a 'false light' by the newspaper article. The victims are in no less or more a 'false light' than had the story literally quoted Officer Rowe when he stated that Farris was 'suspected of

having AIDS.' When we are concerned about second-party contacts with individuals who are HIV-positive, it is no less disconcerting whether the person is 'suspected' or 'claimed' to have AIDS. [*Sic*]"

Furthermore, the record itself is replete with evidence that Farris was reputed to be suspected of having AIDS and some evidence, which Kinney had discovered prior to writing the article, indicated that Farris had on several occasions claimed to have AIDS in front of various police personnel. Thus, it appears that the record supports the trial court's finding that the article, taken as a whole, accurately reflected the substance of the information obtained from the official sources, namely, the police reports. Therefore, we find that the trial court was correct in concluding, as a matter of law, that the "fair report" privilege of R.C. 2317.05 operated to relieve appellee from liability for any alleged defamation.

 Additionally, appellants have not produced evidence adequate to sustain a cause of action for defamation. See *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099 (finding that motion for summary judgment forces nonmoving party to produce evidence on every issue for which that party bears burden of proof at trial). In order to establish the tort of libel, the following elements must be proven: (1) the statement must be false; (2) *the statement must be defamatory towards the plaintiff (appellants);* (3) the statement must be in writing; (4) the statement must be published; and (5) the defendant (appellee) must be proven guilty of some degree of fault. *Hersch v. E.W. Scripps Co.* (1981), 3 Ohio App.3d 367, 374, 3 OBR 430, 437, 445 N.E.2d 670, 678. Even assuming that the evidence supported the conclusions that the statement in the article was false and that appellee failed to act reasonably in attempting to discover the truth or falsity of its publication, as the discussion above indicates, appellants have not come forward with any evidence that the article was defamatory *as to them.* The "claim" of AIDS was linked to Farris, not to appellants themselves.

 Finally, upon an examination of the record and the cases cited by the trial court, we agree that the facts in the present case are no more egregious than those contained in cases where other courts have declined to recognize a claim for false light invasion of privacy under Ohio law. See *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666; *Celebrezze v. Dayton Newspapers, Inc.* (1988), 41 Ohio App.3d 343, 535 N.E.2d 755; *Rinehart v. Toledo Blade Co.* (1985), 21 Ohio App.3d 274, 21 OBR 345, 487 N.E.2d 920; *Haynik, supra.*

In light of the foregoing, we find that there are no genuine issues as to any material fact, appellee is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to appellants. See Civ.R.

56(C); *Harless v. Willis–Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Therefore, the trial court's granting of summary judgment to appellee was proper. Appellants' sole assignment of error is accordingly overruled.

*Judgment affirmed.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.