WOLFE, Appellant,

v.

WOODS et al., Appellees.

[Cite as *Wolfe v. Woods* (1993), 85 Ohio App.3d 569.]

Court of Appeals of Ohio,
Allen County.

No. 1–92–87.

Decided Feb. 3, 1993.

*John A. Poppe,* for appellant.

*Bruce S. Schoenberger* and *David P. Strup,* for appellees.

EVANS, Judge.

This is an appeal by Ralph E. Wolfe from a judgment of the Court of Common Pleas of Allen County, wherein the court granted the motion for summary judgment of the defendants, Carole L. Woods and the Credit Bureau of Lima, and dismissed the complaint.

In 1981, Ralph Wolfe ("appellant") applied for and received a government-insured student loan. Although appellant had withdrawn from his studies at Findlay College prior to disbursement of the loan funds from Diamond Savings and Loan Company, he retained the funds. Appellant failed to report to

Diamond that he had terminated his studies, an action which was clearly required as a condition of the loan. Approximately one year later, when Diamond Savings learned of appellant's withdrawal from school, it contacted appellant to establish a repayment schedule.

After a protracted series of misunderstandings and disputes between appellant and Diamond Savings, Diamond Savings reported to the Credit Bureau of Lima that the loan was in default. In 1985, the Ohio Student Loan Commission reimbursed Diamond Savings and contacted appellant, who promptly repaid the loan in full.

This case arose out of actions on the part of the credit bureau and its employee, Carole Woods ("appellees"). Appellant's complaint alleged that appellees' failure to properly investigate and correct the "misinformation" transmitted by Diamond Savings caused him great emotional and financial harm.[1] Following extensive discovery, appellees filed a motion for summary judgment. The trial court granted the motion, on the basis that appellees' reports were accurate as to the information transmitted to them, and that appellees "took proper, prompt and reasonable steps to investigate and report information accurately," pursuant to the Fair Credit Reporting Act. The court further found that the action was barred by the Act's two-year statute of limitations. See Sections 1681i and 1681p, Title 15, U.S.Code.

On August 18, 1992, the trial court issued its judgment entry, granting summary judgment in favor of appellees and dismissing the complaint. Appellant appealed, asserting the following assignments of error:

"I. The trial court erred as a matter of law when it granted summary judgment on appellant's Fair Credit Reporting Act claim when a genuine issue exist[s] as to whether the credit bureau's reports were accurate or misleading.

"II. The trial court erred in granting summary judgment where the evidence supports appellant['s] allegation that the appellees' [sic] did not use reasonable procedures to ensure the maximum possible accuracy of the information published on the credit report.

"III. The trial court erred when it barred appellant's claim for not having been brought within the applicable statute of limitations."

Though mindful of the admonition that upon a motion for summary judgment a trial court must not resolve triable issues of fact, but has discretion only to determine whether such issues exist, see Anderson v. Liberty Lobby, Inc. (1986),

---

1. Although the record contains evidence of the collection and reporting procedures of Diamond Savings, they are not relevant here. Appellant has filed a separate case against Diamond Savings in another county.

477 U.S. 242, 255, 106 S.Ct. 2505, 2513–2514, 91 L.Ed.2d 202, 216–217; *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 15, 13 OBR 8, 16, 467 N.E.2d 1378, 1386, we find that the court properly determined that appellant presented no evidence of appellees' failure, either negligent or intentional, to utilize reasonable reporting procedures as required under the Fair Credit Reporting Act, Section 1681i(a)-(d), Title 15, U.S.Code. Appellant has thus not made "a showing sufficient to establish the existence of an element essential to [his] case," upon which he would "bear the burden of proof at trial." *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273; *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099.

As stated by the United States Supreme Court in *Celotex*, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323–324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. The court explained that, when a review of the properly submitted evidence reveals the lack of any genuine issue which is central to the nonmovant's case, Civ.R. 56 requires that the court grant the summary judgment motion:

"In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322–323, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

Accordingly, after a thorough review of the record, including the depositions of the parties and the applicable law, we find a complete lack of evidence to support an essential allegation of appellant's case, *i.e.*, the failure of the appellees to use reasonable procedures as required.[2] We therefore conclude that, pursuant to *Celotex* and *Wing*, the trial court properly granted the defendants' motion for summary judgment. See *id.* at paragraph three of the syllabus.

---

**2.** Although the record contains the deposition testimony of appellant, we decline, as did the trial judge, to elevate appellant's unsupported speculations and suspicions to the level of evidence required to satisfy his threshold burden of providing *some* proof of malfeasance on the part of appellees which would create an issue upon which reasonable minds could differ.

Having found no error prejudicial to appellant herein in the particulars assigned and argued, we overrule the first two assignments of error and, consequently, find the third assignment of error moot. See App.R. 12(A)(1)(c). The judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.