HUNTINGTON NATIONAL BANK

v.

HAWKINS, Appellee;

Roebuck Insurance Agency et al.;

Motorists Mutual Insurance Company, Appellant.

[Cite as *Huntington Natl. Bank v. Hawkins* (1994), 95 Ohio App.3d 329.]

Court of Appeals of Ohio,
Mercer County.

No. 10-94-9.

Decided July 15, 1994.

*Sandra K. Bashore,* for appellee.

*Daley, Balyeat, Balyeat & Leahy* and *Andrew Balyeat,* for appellant.

EVANS, Judge.

This is an appeal by the third-party defendant, appellant Motorists Mutual Insurance Company, from a judgment of the Court of Common Pleas of Mercer County overruling appellant's motion for summary judgment and granting summary judgment in favor of appellee Donald Hawkins, the defendant/third-party plaintiff.

This action arose out of a complaint filed by Huntington National Bank against appellee, demanding payment on the balance of an automobile loan made to appellee for the purchase of a 1989 Oldsmobile Toronado. Appellee joined his wife, Mary Hawkins, who had been convicted of complicity in the destruction of the car,[1] and appellant, the insurer of the automobile, in the suit as third-party defendants and filed complaints against both the impleaded defendants. Huntington received a judgment against appellee for the outstanding balance on the note, and appellee received a default judgment against Mary Hawkins for indemnification on the amount owed to the bank. Appellant filed a motion for summary judgment, contending that Mary Hawkins's intentional conduct in destroying the insured automobile relieved appellant from any liability on the contract. The court denied the motion for summary judgment, on the ground that there were material issues of fact to be decided.

---

1. The subject automobile had been destroyed in early 1990 when it was stolen and totally destroyed by fire. Appellee was incarcerated in the state of Kentucky, on an unrelated matter, at the time of the theft of the car.

Appellant then filed a second motion, submitting documentary evidence to support its argument on the issue that the court had determined was outstanding when the first motion was filed. The court had decided that the case rested upon the issue of whether appellee's wife was an insured under the policy at the time she conspired to defraud the insurance company by destroying the insured automobile. Appellee made no response to either motion, and filed no motion of his own.

The court again denied appellant's motion for summary judgment, determining that, pursuant to the policy's own definitions, Mrs. Hawkins was not an insured under the policy because she and appellee were not "residents of the same household" due to appellee's incarceration. However, the court further granted summary judgment in favor of appellee, stating that there remained no issues of fact to be determined. In its judgment entry, the court, finding that appellant had violated the terms of the insurance contract by refusing to pay appellee for the loss of the automobile, ordered appellant to "honor the policy of insurance on defendant Donald L. Hawkins' automobile and satisfy the sums owed to plaintiff Huntington National Bank."

Motorists Mutual has appealed the court's judgment, asserting the following three assignments of error:

### Assignment of Error No. 1

"The trial court erred in its determination that Mary Hawkins was not an insured and/or living in the same household as Defendant Donald L. Hawkins."

### Assignment of Error No. 2

"The trial court erred in determining that all relevant evidence was before the court, thereby rendering it appropriate to grant summary judgment to a nonmoving party."

### Assignment of Error No. 3

"The trial court's entry of judgment against Motorists Mutual Insurance Company is in error as it orders Motorists to satisfy a lien owed by Donald L. Hawkins to Huntington National Bank as opposed to ordering Motorists to pay the actual cash value of the vehicle at the time of the loss."

Following our review of the record, we conclude that the trial court did err in granting summary judgment.

Under the Ohio Rules of Civil Procedure, a trial court may grant summary judgment only when a review of all the pleadings and properly submitted evidentiary materials would convince a reasonable person that there is no disputed issue requiring resolution through a determination of the weight and

credibility of the evidence, and the movant is entitled to judgment "as a matter of law." Civ.R. 56(C). The trial court is limited to a review of the evidence properly certified and submitted under Civ.R. 56(C), and is not permitted to weigh the evidence and decide the factual issues when reviewing a summary judgment motion, since it is the role of the jury at trial to determine the facts of a case. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 15, 13 OBR 8, 16, 467 N.E.2d 1378, 1386 ("It is imperative to remember that the purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist."). See *Wolfe v. Woods* (1993), 85 Ohio App.3d 569, 570–571, 620 N.E.2d 870, 871.

■ The trial court in this case grounded its decision favoring appellee upon the conclusion that Mary Hawkins, whose fraudulent actions resulted in the destruction of the automobile, was not an insured under the policy, and that therefore appellee, the named insured, was not liable for the destruction of his own insured automobile. However, the trial court was asked only to review the threshold issue of whether Mary Hawkins was insured under the policy in light of the fact that appellee, her husband, was not living in the same household due to his incarceration. We find that determination irrelevant to the coverage that is at issue here, and therefore overrule the first assignment of error.

Mary Hawkins was a named driver on appellee's policy for the purpose of accidental collision and liability insurance. If either of these coverages had been at issue, then the issue of whether Mary was a named insured would have been relevant to a determination of the action. However, at issue herein is the comprehensive coverage, which is to compensate appellee or his "loss payee" for the accidental loss, "other than [by] collision," of the insured automobile.

Part "D" of the parties' insurance contract ("Coverage for Damage to Your Auto"), which is the comprehensive coverage portion of the policy, provides in pertinent part as follows:

"We will pay for direct and accidental loss to *your covered auto.* * * *

"Loss or damage under this policy shall be paid as interest may appear to you and the loss payee shown in the Declarations. This insurance covering the interest of the loss payee shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of *your covered auto.*" (Emphasis *sic.*)

Appellant argued that since the terms "you" and "your" included Mary Hawkins, pursuant to the policy definitions,[2] her actions in arranging for the destruction of the automobile were sufficient to void the insurance policy.

---

2. The definition section of the insurance policy provides the following:

■ However, under a policy of automobile insurance, comprehensive coverage is actually a type of property insurance which protects the owner of the insured property against loss from physical damage to the property. Thus, it is a separate policy of "other insurance," provided only for an additional and separate premium, to which the definitions under the liability and collision provisions are not generally applicable. See Jerry, Understanding Insurance Law (1987) 267–268, Section 60(b). If the definitions applicable to the liability and collision sections of the policy were also applied to the comprehensive coverage in this case, the result would in effect be a vesting of ownership of the vehicle in the spouse of appellee. Such a result was clearly not intended by the parties. Furthermore, it is beyond the scope of an insurance contract to provide for the transfer of an ownership interest in the property insured.

Consequently, Mary Hawkins's status under the liability and collision policies is irrelevant, since there is no disputing the fact that appellee is the sole owner of the destroyed automobile, sole purchaser of the policy at issue, and the sole debtor on the bank note, and any loss is compensable only to appellee or the bank, since appellee was required to purchase the comprehensive policy to protect his own and the bank's financial interest in the car. Thus, only appellee's actions and intent are relevant to whether appellant has been defrauded.

Appellant is correct when it argues that there are genuine issues of material fact to be determined in this case. Appellant should have the opportunity at trial to prove its defense that appellee's loss was not accidental, due to his own intentional actions. While there potentially is coverage for the loss of appellee's automobile under the comprehensive coverage of the policy, coverage is excluded by the policy if and only if appellee himself was involved in the conspiracy to defraud appellant by destroying the automobile. Therefore, we find that the pivotal issue in the case, raised in the pleadings of the parties, is whether appellee participated in the fraud. If this issue had been presented to the trial court uncontested by the opposing party, summary judgment may have been appropriate. Since it was not presented, disputed, argued, or determined by the trial court, it remains a material issue in the case. The second assignment of error is sustained.

Appellant complains with its third assignment of error that the court improperly ordered judgment for full payment of the amount due on the bank loan. If, in fact, this is what the trial court ordered, we agree with appellant's contentions.

We find that the order, while perhaps not incorrect, is ambiguous. The court's actual order provided only that appellant was to "satisfy the sums owed to

---

"Throughout this policy, 'you' and 'your' refer to the named insured shown in the Declarations; and the spouse if a resident of the same household."

plaintiff Huntington National Bank." The court may have intended its order to mean only that appellant was to pay the bank the amount owed on the loss under the contract of insurance, or "the actual cash value of the stolen or destroyed automobile," which is the compensation provided for in the insurance contract. This would have been a proper order. In any event, since we are vacating the summary judgment in this case, we sustain the third assignment of error.

Having found prejudice to the appellant in the particulars assigned and argued, we affirm the court's denial of appellant's motion for summary judgment, but reverse the summary judgment in favor of appellee, as well as the trial court's judgment ordering appellant to satisfy appellee's debt to Huntington National Bank. The cause is remanded to the trial court for further proceedings consistent with the foregoing opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

SHAW, P.J., and HADLEY, J., concur.