WING, APPELLANT, *v.* ANCHOR MEDIA, LTD. OF TEXAS, ET AL., APPELLEES.

[Cite as Wing *v.* Anchor Media, Ltd. of Texas (1991), 59 Ohio St. 3d 108.]

(No. 90-934—Submitted February 20, 1991—Decided April 24, 1991.)

*Michael H. Gertner* and *John S. Zonak,* for appellant.

*Squire, Sanders & Dempsey, Thomas E. Palmer* and *William A. Klatt,* for appellees.

WRIGHT, J. Wing appeals the entry of summary judgment against him, arguing that material issues of fact exist concerning his claims against defendants. We disagree. Consequently, we affirm the summary judgment for defendants on all these claims.

## I

Initially we note that Wing's employment with Anchor was, from its inception, terminable at will. In the courts below, Wing asserted that his employment was not terminable at will, but rather was a contract of employment terminable for cause only based upon the terms of the employee handbook.

The trial court and appellate court both held that the disclaimer contained in both the confirmation of employment and the handbook, irrespective of the terms of the handbook, bars the finding of a contract of employment other than an at-will relationship. We agree. Absent fraud in the inducement, a disclaimer in an employee handbook stating that employment is at will precludes an employment contract other than at will based upon the terms of the employee handbook. See *Tohline* v. *Central Trust Co.* (1988), 48 Ohio App. 3d 280, 549 N.E. 2d 1223.

## II

In 1985, we announced a promissory estoppel exception to an employer's unfettered right to discharge an at-will employee. *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, 19 OBR 261, 483 N.E. 2d 150, at paragraph three of the syllabus. *Mers* applied traditional promissory estoppel doctrine to an employment setting:

" ' "[A] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. * * *" ' " *Id.* at 104, 19 OBR at 265, 483 N.E. 2d at 154, quoting Restatement of the Law 2d, Contracts (1973), Section 90.

Recently we shed further light on the nature of a promise that can give rise to a promissory estoppel exception to the employment-at-will doctrine. "Standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship. A demonstration of detrimental reliance on specific promises of job security can create an exception to the employment-at-will doctrine. * * *" (Citation to *Mers* omitted.) *Helmick* v. *Cincinnati Word Processing, Inc.* (1989), 45 Ohio St. 3d 131, 543 N.E. 2d 1212, paragraph three of the syllabus.

We find *Helmick* applicable here. Wing was never promised job security. Although Wing may have thought that the promise of a future opportunity to buy into the station meant job security, such a promise is not a promise of continued employment and, therefore, cannot reasonably be relied upon as such. Rather, such a promise is, at best, a promise relating to career development. Accordingly, we hold that a promise of future benefits or opportunities without a specific promise

of continued employment does not support a promissory estoppel exception to the well-established doctrine of employment at will.

Additionally, Wing did not rely on the promise of future equity participation in a substantial manner. In *Mers* there was a jury question presented of detrimental reliance of a substantial nature based upon the promise of reinstatement if criminal charges against Mers were "favorably resolved." Mers sought no other employment while he went about the task of fulfilling the condition for reemployment. In the instant case, merely turning down other employment inquiries does not present a jury question of substantial detrimental reliance.

### III

Wing also claims that the promise of future equity participation was made fraudulently to secure his employment only for as long as was necessary to ensure a smooth ownership transition. "* * * The [relevant] elements of fraud are: a) a representation * * *, b) * * * material to the transaction at hand, c) made falsely, * * * d) with the intent of misleading another into relying upon it, e) justifiable reliance upon the representation * * *, and f) a resulting injury proximately caused by the reliance. * * *" *Burr* v. *Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St. 3d 69, 23 OBR 200, 491 N.E. 2d 1101, paragraph two of the syllabus.

Both the trial court and the appellate court found the third element necessary to establish fraud unproven. Neither court found any evidence that the promise of an opportunity for equity participation was made falsely. In essence, the lower courts found that the promise was one of equity participation if Wing was still with the organization when the financing was completed, and that the record contains no evidence to the contrary. (Anchor subsequently provided equity participation opportunities to other managers in the Anchor system when financing was available).

We agree with the lower courts. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Celotex* v. *Catrett* (1986), 477 U.S. 317, 322-323. See, also, *Mitseff* v. *Wheeler* (1988), 38 Ohio St. 3d 112, 114, 526 N.E. 2d 798, 800-801. Wing came forward not with evidence of falsehood, but rather only with the possible inference of falsehood. At best, Wing's argument is that because he was offered a chance at equity participation in the future but was discharged before it occurred, the offer must have been a lie. This is not enough to withstand a motion for summary judgment because, as we stated previously, the promise of future equity participation was not a promise of continued employment. Therefore, Wing's discharge prior to the completion of financing has no bearing on the truthfulness of the promise of future equity participation.

Similarly, the fraud claim asserted by Wing fails for the same reason his promissory estoppel claim fails: a promise of future equity participation is not a promise of continued employment. Wing could not justifiably rely on a promise of future equity participation to mean continued employment. As such, Wing also failed to prove the fifth element of a fraud claim, justifiable reliance, as set forth in *Burr, supra.*

### IV

Lastly, Wing asks this court to recognize a public policy exception to the employment-at-will doctrine for

employees discharged for bringing wrongdoing to the attention of their employers.

In *Greeley* v. *Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St. 3d 228, 551 N.E. 2d 981, a majority of this court announced a public policy exception to the employment-at-will doctrine to protect an employee from discipline for a reason prohibited by statute. *Id.* at paragraphs one and two of the syllabus. R.C. 4113.52 established guidelines by which an employee can bring illegal activity by either the employer or a co-employee to the attention of the employer or appropriate authorities without being discharged. However, R.C. 4113.52 was enacted on June 29, 1988, over two months after Wing's discharge. Because R.C. 4113.52 is not expressly retrospective in its operation, R.C. 1.48 requires the presumption that it is prospective in its operation only. See *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489.[2] Therefore, Anchor's dismissal of Wing could not have violated R.C. 4113.52.

Nevertheless, Wing emphasizes language in *Greeley* suggesting there may be other public policy exceptions to the employment-at-will doctrine beyond violations of statutes and asks us to find one here. We choose not to do so on the basis of these facts.

Accordingly, the trial court appropriately entered summary judgment in favor of defendants, and the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.

---

[2] Wing has not argued or produced any evidence to demonstrate that the provisions of R.C. 4113.52 bar his dismissal.