DUFF, Appellant,

v.

GARY et al., Appellees.

[Cite as *Duff v. Gary* (1993), 87 Ohio App.3d 558.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005424.

Decided May 5, 1993.

*Hollace B. Weizel,* for appellant.

*Thomas R. Theado* and *Jori Bloom Naegele,* for appellees.

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of attorney Michael J. Duff from an order in the Lorain County Court of Common Pleas, granting summary judgment to attorney Robert D. Gary in an action for breach of an oral agreement to divide equally attorney fees generated by a specific class of cases. Duff claimed that Gary failed to pay him more than $27,000 in agreed-upon fees.

For five years, Duff and Gary shared office and secretarial expenses. Duff contended that they also had a specific agreement to divide equally fees and cases relating to representation of the Cleveland Newspaper Printing Pressmen's Union Local No. 5 ("Union"). Duff further claimed that they divided fees equally if one associate referred a case to the other, even if one of the two did not participate in the case. Gary acknowledged that he and Duff had been counsel to the Union at various times, but denied any referral-fee agreement or any agreement to split fees or cases related to the Union.

In the case at issue, it is uncontroverted that Duff answered the client's telephone inquiry and referred the client to Gary. Duff performed no legal services on the case after the initial telephone call. At the conclusion of the medical malpractice case, Duff claimed a lien on the lawsuit's proceeds. Gary placed all of the fees in escrow, where they remained for two years, until the trial court released one-half of the monies to Gary. Duff filed an action as to the remaining half. Gary moved for summary judgment, stating that the action Duff advocated was a pure referral contract, prohibited by Ohio law, R.C. 4705.08, professional ethics, the Code of Professional Responsibility, DR 2–107, and public policy. The trial court granted Gary's motion for summary judgment. Duff appeals and asserts a single assignment of error:

"The trial court erred in violation of Civ.R. 56, when it entered summary judgment in favor of defendants-appellees, where there were genuine issues of material fact and defendants-appellees were not entitled to judgment as a matter of law."

Pursuant to Civ.R. 56(C), summary judgment is proper if the trial court determines that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Once summary proceedings have been properly initiated, the nonmoving party must go beyond the pleadings and designate specific facts demonstrating that a genuine issue exists for trial. Civ.R. 56(E); see, also, *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 274; *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

Duff charges that a material issue of fact exists with regard to the business relationship between himself and Gary. Duff claims that he and Gary entered into a business association; Gary, on the other hand, characterizes the relationship as a referral contract to split fees.

In opposition to Gary's motion for summary judgment, Duff alleged, in an affidavit, that (1) he and Gary were "associated in a law office"; (2) he had documentary proof that other fees were divided; and (3) he and Gary, essentially, had an oral partnership limited to a specific type of case, that is, relating to the Union.

R.C. 4705.08 prohibits compensation or fee-sharing between attorneys merely for referring clients. Attorneys may, however, divide fees for actual services performed. Prior to a 1990 amendment, DR 2–107 provided that:

"(A) A lawyer shall not divide a fee for legal services with another lawyer who is not a partner in or associate of his law firm or law office, unless:

"(1) The client consents to employment of the other lawyer after a full disclosure that a division of fees will be made.

"(2) The division is made in proportion to the services performed and responsibility assumed by each.

"(3) The total fee of the lawyers does not clearly exceed reasonable compensation for all legal services they rendered the client."

Duff argued that he and Gary were "associated in a law office," and could, therefore, ethically share fees, whether or not legal services were performed. We disagree.

Duff and Gary shared office and secretarial expenses but were not "associates" or "employees" of a law office or firm, and did not practice law together. See Guttenberg & Snyder, The Law of Professional Responsibility in Ohio (1992), Section 12, Lawyer Associations, 319. Even if Duff and Gary practiced in association with each other for some cases, they would not be considered lawyers in the same firm for purposes of the division of fees under DR 2–107(A). See Board of Commissioners on Grievances and Discipline of the Supreme Court (Feb. 8, 1991), Advisory Opinion No. 91–5. For those who share office space, "[f]ee-splitting is permissible as long as the office-sharing attorneys obtain the

prior consent of the client and the division of fees is in proportion to the work performed." Guttenberg & Snyder, at 320.

In his affidavit, Duff then attempted to document a history of fee-splitting by listing cases in which he did the work and Gary received half the fee, as well as those in which Gary did the work and Duff received half the fee. Although Duff stated that one of the two attorneys "did the work," he did not say that the other attorney did nothing to earn the fee. In fact, Gary countered that in all of the cases, fees were earned by actual participation and labor in the specific case. In response to a discovery request, Duff also produced a listing of dates, check numbers, amounts and notations as to client name, for a five-year period. Neither document established an oral partnership or whether prior fee divisions were for work performed or whether they met the requirements of statute and professional code.

Finally, Duff contended that he and Gary had an oral partnership limited to a specific class of cases, that is, cases related to the Union. Duff did not, however, cite any case law supporting such a "limited partnership" agreement for the practice of law. Gary's argument, that such a "limited partnership" would moot Ohio's restraints against fee-splitting without participation, has merit. Such a special partnership might be claimed anytime an attorney received a fee for a referral, without performing legal services.

Review of the record indicates that Duff did not demonstrate that a genuine issue existed for trial. We overrule Duff's assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

REECE and MILLIGAN, JJ., concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.