## CRESTWOOD EDUCATION ASSOCIATION

v.

## GARDNER.█

Court of Common Pleas of Ohio,
Portage County.

No. 93 CV 0593.

Decided March 14, 1995.

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.,* and *Robert S. Moore,* for plaintiff.

*Glenn M. Traubman* and *John C. Scully,* for defendant.

JOSEPH R. KAINRAD, Judge.

This matter is before the court upon plaintiff's motion for summary judgment and motion of the remaining defendant, Sara Gardner ("defendant"), for partial summary judgment.

## A. FACTS AND ISSUES PRESENTED

The facts of this case are not disputed. Plaintiff Crestwood Education Association ("Union") is a teachers union organized pursuant to R.C. Chapter 4117, representing teaching employees of the Crestwood School District, including nonmembers, such as defendant. The Union is authorized by statute and its contract with the school district to charge nonmembers such as defendant a financial assessment for representing the bargaining unit in negotiations with the school district. The Union cannot, however, include in its assessment charges which are not fairly related to collective bargaining activities performed on behalf of both members and nonmembers.

The Union, through its internal financial records, determined that an assessment for nonmembers would be $387.50. The Union announced the assessment and provided all nonmembers, including defendant, with copies of appropriate Union financial records, including the calculation of the assessment, the proce-

dure used in calculating it, an explanation as to how the assessment was calculated, and various audits. Defendant disputed the amount and filed an objection.

In June 1993, the Union, consistent with its procedure adopted pursuant to R.C. 4117.09(C), submitted its determination of nonmember assessments to an arbitrator chosen by the American Arbitration Association. Defendant was notified of the hearing on the amount of the assessment, but refused to appear.

After hearing, the arbitrator determined that the appropriate fee should be $297.72. The Union demanded that defendant pay that amount, and defendant refused. Defendant filed no appeal of either the Union's or the arbitrator's determination of assessment to the State Employment Relations Board ("SERB").

The present action is for collection of the $297.72 fee determined by the arbitrator. Defendant defends, alleging primarily that the administrative process followed by the Union in setting the assessment is legally flawed, and maintains that this court must determine the appropriate assessment, rather than the statutory mechanism employed by the Union of arbitration and appeal to SERB.

## B. APPLICATION OF LAW TO FACTS

■ The General Assembly, in its wisdom, has enacted R.C. 4117.09, which allows the assessment of fees to nonmembers of a union and provides an administrative remedy to those who disagree with the amount of that assessment. In this regard, R.C. 4117.09(C) provides, in pertinent part, as follows:

"The agreement may contain a provision that requires as a condition of employment * * * that the employees in the unit who are not members of the employee organization pay to the employee organization a fair share fee. * * * Any public employee organization * * * shall prescribe an internal procedure to determine a rebate, if any, for nonmembers which conforms to federal law, provided a nonmember makes a timely demand on the employee organization. Absent arbitrary and capricious action, such determination is conclusive on the parties except that a challenge to the determination may be filed with the state employment relations board within thirty days of the determination date specifying the arbitrary or capricious nature of the determination and the board shall review the rebate determination and decide whether it was arbitrary or capricious. * * *

"The internal rebate procedure shall provide for a rebate of expenditures in support of partisan politics or ideological causes not germaine [sic] to the work of employee organizations in the realm of collective bargaining."

The General Assembly has delegated to a union, in the first instance, the responsibility to separate legitimate chargeable costs from nonchargeable costs. In the present instance, plaintiff followed a procedure to identify those costs and submitted that determination, with supporting financial documents, to nonmember employees, who were then able to file objections. Defendant objected. In response, the Union then submitted its assessment to arbitration under the auspices of the American Arbitration Association. In the event defendant did not like the assessment, she had a right to appear and object and defend. If she did not like the result of arbitration, she had a right of appeal to SERB to further air her grievances. However, here, defendant did nothing.

Not surprisingly, these parties have already litigated the issues presented here. See *Crestwood Edn. Assn. v. Gardner* (Sept. 10, 1990), Portage App. No. 89–P–2111, unreported, 1990 WL 127227. The present case has one important distinction, however. In the former case, plaintiff's existing assessment procedure was determined to be constitutionally defective under *Chicago Teachers Union v. Hudson* (1986), 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232. Here, those defects have been remedied to the extent that the procedure now complies with the requirements of federal law. See *Crestwood Edn. Assn. v. Gardner, supra,* at 11. This same administrative structure has been declared constitutional by other courts. *Jefferson Area Teachers Assn. v. Nasca* (1990), 61 Ohio Misc.2d 534, 580 N.E.2d 534. In reviewing the federal case law, the court concludes that the Union's procedures utilized here conform with federal requirements. This court, in applying those decisions, must conclude that plaintiff's process of determining nonmember assessments is lawful.

█ In defending against summary judgment, defendant no longer asserts that she may avoid all payment to the Union for its activities on her behalf, but claims that she has a right to have a court of law determine what part of the assessment she must legitimately pay. Defendant's position has been rejected by the federal courts of this circuit. *Weaver v. Univ. of Cincinnati* (C.A.6, 1992), 970 F.2d 1523, 1535–1536; *Lowary v. Lexington Local Bd. of Edn.* (C.A.6, 1990), 903 F.2d 422, 433.

Principally, defendant argues that she was never a party to the collective bargaining agreement or a contract with the Union, and, consequently, she cannot be subject to the "non-consensual, non-contractual internal-union 'arbitration'." This argument scrupulously avoids the central point. The administrative procedure followed here is not the Union's, but is a creature of statute, to which all similarly situated public employees, like it or not, are subject. It is "a condition of employment," R.C. 4117.09(C), not a contractual right or obligation which can be avoided at one's fancy.

It must be remembered that public employment is not a natural or civil right conferred upon a citizen by birth, but a privilege conferred upon a public employee by duly elected or appointed civil authorities. Although a public servant may not be compelled to contribute to causes which are antithetical to his or her religious or political beliefs, see, *e.g., Hudson, supra,* such employment is not without its burdens. One of these legitimate burdens is the financial support of a bargaining agent for employees in the bargaining unit. *Lowary, supra.*

## C. STANDARD OF REVIEW

The granting of summary judgment is proper only when "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. However, a nonmoving party cannot rest on her pleadings, but must produce some credible evidence on those issues upon which she bears the burden of proof at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, at paragraph three of the syllabus.

## D. CONCLUSION

Upon review of the pleadings, affidavits, and exhibits filed herein in regard to plaintiff's motion, and construing the evidence most strongly in defendant's favor, the court finds that there are no genuine issues of material fact, and plaintiff is entitled to judgment as a matter of law.

As for defendant's motion for partial summary judgment, the law compels a result contrary to defendant's legal position.

Therefore, the court concludes that plaintiff's motion is well taken, and defendant's motion is not well taken.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that plaintiff be and hereby is granted final judgment against defendant Sara Gardner in the amount of $297.72, and legal interest from date of judgment.

IT IS FURTHER ORDERED that defendant's motion for partial summary judgment be and hereby is denied.

Costs taxed to defendant Sara Gardner.

The Clerk is directed to serve upon all parties notice of this judgment and its date of entry upon the journal in accordance with Civ.R. 58(B).

*So ordered.*