64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald D. ROBESON, Plaintiff-Appellee,
v.
MIDWEST FORD, INC., Defendant-Appellant.
 No. 94-3405.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1995.
 
 Before: BROWN, MILBURN and NORRIS, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Midwest Ford, Inc. ("Midwest") appeals from a judgment based upon a jury verdict rendered in favor of its former employee, plaintiff Donald Robeson. Robeson sued Midwest after the dealership terminated him from his job as its parts manager, an act that he alleged contravened the doctrine of promissory estoppel. For the reasons that follow, we affirm the judgment.
 
 
 2
 During the trial, Robeson testified that he declined a more lucrative offer from a competing dealership after officers of Midwest promised him continued employment "as long as they were there." According to Robeson, he opted for the security provided by Midwest over the prospect of better pay. Despite these assurances, Midwest subsequently fired him.
 
 
 3
 On appeal, Midwest contends that the trial court erred in denying its motion for judgment as a matter of law or, in the alternative, for a new trial. In support of its position, the dealership argues that the interrogatory submitted to the jury with respect to the promissory estoppel claim was incomplete because it failed to inform the jury that termination for just cause serves as an affirmative defense.
 
 
 4
 The record reveals, however, that counsel for Midwest did not ask the district court for such an instruction or interrogatory. Generally, a party who does not object to interrogatories before the jury retires cannot complain of them on appeal. 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d Sec. 2512 (1995). In our view, this omission by counsel is fatal because it deprived the district court of the opportunity to address the issue at the appropriate time.
 
 
 5
 Midwest also challenges the sufficiency of the evidence introduced to support the promissory estoppel claim. With regard to agreements like that between Midwest and Robeson, the Ohio Supreme Court has declared that:
 
 
 6
 The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee.
 
 
 7
 Mers v. Dispatch Printing Co., 483 N.E.2d 150, 19 Ohio St.3d 100 (1985) (syllabus para. 3). In analyzing the claim, a court must look at the matter from the employee's perspective. "[T]he employer's representation is to be determined by what the 'promisor should reasonably expect' the employee to believe the promise means if expected action or forbearance results." Id. at 105.
 
 
 8
 The doctrine as applied to employment contracts has been further refined in recent years. "A promise of future benefits or opportunities without a specific promise of continued employment does not support a promissory estoppel exception to the employment-at-will doctrine." Wing v. Anchor Media, Ltd. of Texas, 570 N.E.2d 1095, 59 Ohio St.3d 108 (1991) (syllabus para. 2) (citing Helmick v. Cincinnati Word Processing, Inc., 543 N.E.2d 1212, 45 Ohio St.3d 131 (1989)). In Wing, the court noted that "merely turning down other employment inquiries does not present a jury question of substantial detrimental reliance" without a specific promise of continued employment. Wing, 570 N.E.2d at 1099, 59 Ohio St.3d at 111; see also Rudy v. Loral Defense Sys., 619 N.E.2d 449, 453, 85 Ohio App.3d 148, 154 (1993) (requiring the promise of job security to be clear and unambiguous).
 
 
 9
 Midwest contends that the evidence introduced at trial was legally insufficient to support the jury's verdict. We disagree. The promise of continued employment made to Robeson was not "open-ended," as Midwest characterizes it, but was instead of a fixed duration, the tenure of current management. Moreover, the testimony established both that plaintiff relied upon this promise and that the dealership should have "reasonably expected its representation to be relied upon by its employee." Mers, 483 N.E.2d 150, 19 Ohio St.3d 100 (syllabus para. 3). Accordingly, we affirm the district court's denial of Midwest's motion for judgment as a matter of law or, in the alternative, for a new trial.
 
 
 10
 Finally, Midwest argues that the jury's verdict was against the manifest weight of the evidence. Because defendant failed to advance this contention in its motion for a new trial, we will not entertain it on appeal.
 
 
 11
 For the foregoing reasons, the judgment of the district court is affirmed.