**FALES, Appellant,**

v.

**FALES, Appellant; Fales, Appellee, et al.**

[Cite as *Fales v. Fales* (1995), 108 Ohio App.3d 146.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–941037, C–941039.

Decided Dec. 29, 1995.

*John P. Scahill,* for appellant Mary Fales.

*Steven R. Hext,* for appellant Charles Fales.

*Michael Moskowitz,* for appellee Helen Fales.

MARIANNA BROWN BETTMAN, Judge.

This appeal arises out of a partition action. The background of the property involved is necessary to understand this case and the alignment of the parties.

## Background

On February 5, 1972, Albert E. Fales, Sr. died owning the property at issue in this case, which consisted of sixty-seven acres of land and a house ("mansion house"). Fales was survived by his wife, Lillian, and three sons, Frank, Albert Jr., and Charles. Albert Fales, Sr. left a holographic will, which reads as follows:

"My last will and testament in case of my death is my wife to have my house an grond [*sic*] and at her death my house to go to my son Frank Fales and the 67 acres of grond [*sic*] go to my 3 sones [*sic*].

"Frank Fales

"Albert Fales Jr.

"Charles Fales"

The will was admitted to probate March 23, 1972.

According to an affidavit filed in this case by Walter MacKay ("MacKay affidavit"), the attorney for Fales's estate, MacKay advised the family that, in his opinion, it was not clear from Fales's will whether Lillian Fales was to receive a life estate in the property or the entire fee. According to MacKay, the sons agreed to forgo a will construction action, and instead decided that Albert Jr. and Charles would each take approximately five acres of land, and that the rest of the land and the mansion house would be Lillian's.

In order to effectuate this agreement, MacKay had the three sons sign the final account of Albert Sr.'s estate to acknowledge the transfer of all of Albert Sr.'s real property to Lillian in fee simple absolute. A certificate of transfer was issued by the probate court and recorded on May 23, 1973, showing Lillian Fales as the person inheriting the entire fee from Albert Sr. On January 30, 1974, Lillian Fales transferred by warranty deed approximately five acres of land to her son Charles and his wife Viola, and the same amount by separate deed to her son Albert Jr. and his wife Mary. Charles and Albert Jr. each built houses on their respective five-acre tracts. Frank and his wife Helen continued to live with Lillian in the mansion house.

Lillian Fales died on January 1, 1975. She willed her interest in the real estate ("Lillian's share"), which then consisted of the mansion house and all the land except the ten acres previously given to Albert Jr. and Charles, to her son, Frank Fales, in fee simple absolute. A certificate of transfer was issued by the probate court and subsequently recorded on October 16, 1975, showing Frank as the person inheriting all of Lillian's share. Frank and his wife, Helen, continued to live in the mansion house until Frank's death on May 18, 1991.

Frank willed Lillian's share to Helen. Upon Frank's death, a certificate of transfer was issued by the probate court and subsequently recorded on January 29, 1992, showing Helen Fales as the person inheriting all of Lillian's share. Apparently, it was at this time that a dispute arose. Although everyone agreed that Helen owned the mansion house, Charles and Albert Jr. disputed Helen's ownership of the rest of Lillian's share of the land.

Extrajudicial attempts to resolve this matter failed. Mary Fales, Albert Jr.'s widow and beneficiary of his will,[1] filed an action for partition against Charles[2]

---

1. Albert Fales, Jr. died December 13, 1992.

2. Charles Fales filed a cross-claim and a counterclaim below. In both, he adopts the allegations of Mary Fales and thus joins her in interest, both below and on appeal.

and Helen Fales.[3]  Both sides filed for summary judgment in the case.  The trial court ruled in favor of Helen Fales, holding her to be the sole owner of the property.  Appellants timely appealed.  We affirm.

### Present Appeal

Together, appellants raise eight assignments of error.[4]  The gravamen of these assignments of error is that the trial court erred in granting Helen's motion for summary judgment and attendantly finding her to be the sole owner of Lillian's share, and that the trial court erred in not granting appellants' motion for summary judgment, thus failing to declare each of them the owner of an undivided one-third interest in Albert Sr.'s real property.  We thus consider these assignments of error together.

All eight of appellants' assignments of error, relying on different rationales such as the statute of frauds, the statute of wills, their expert's title opinion, and the Marketable Title Act, boil down to this:  Lillian Fales clearly inherited only a life estate from her husband at his death, with the remainder passing in undivided one-third interests to each son.  All transfers thereafter by or through Lillian of property other than her life estate are a nullity, as she could not transfer what she did not own.

### Cross–Motions for Summary Judgment

In support of their motion for summary judgment, appellants submitted the following:  the legal description of the land at issue, Albert Sr.'s will, and the affidavit of a title examiner which incorporated a title examination prepared on March 20, 1990, at Charles's request.  In it, the title examiner gives his opinion that all of Albert Sr.'s property vested at his death in his three sons, and that all subsequent transfers of the property were invalid.

In response to appellants' motion for summary judgment, and in support of her cross-motion for summary judgment, Helen Fales submitted the following:  the MacKay affidavit; the final accounting of Albert Sr.'s estate signed by Lillian, Charles, Frank, and Albert Jr.; all recorded certificates of transfer of the disputed property from the time of Albert Sr.'s death, and corresponding relevant probate documents; the deed conveying five acres from Lillian to Albert Jr.; and the deed conveying five acres from Lillian to Charles.  Helen Fales also supplied her own affidavit stating that from the time Charles and Albert Jr. received their respective five-acre tracts from their mother, Lillian, they had not paid any

---

3.  The Hamilton County Auditor and Treasurer, and the Cincinnati Gas and Electric company were also named as defendants but are not involved with this appeal.

4.  Both appellants filed separate briefs.

portion of the real estate taxes on the remaining acreage known as Lillian's share.

### Legal Analysis

The issue in this case is who owns the property known as Lillian's share, as only co-owners have standing to bring a partition action. See R.C. 5307.01 through 5307.25; *Bryan v. Looker* (1994), 94 Ohio App.3d 228, 640 N.E.2d 590; *Byers v. Wackman* (1866), 16 Ohio St. 440. To resolve this issue, we must examine the documents submitted by all parties.

We find it logical to begin with Mary Fales's third assignment of error, which argues that the trial court erred in disregarding the opinion of the title examiner that Lillian never inherited Albert Sr.'s estate in fee simple. This argument is simply incorrect. Not only did the trial court not disregard this testimony, but also the record reflects that the court accepted the appellants' position that Lillian initially inherited only a life estate from her husband. Therefore, this assignment of error is overruled.

In Charles's first, second and third assignments of error and Mary's first, second and fourth assignments of error, Charles and Mary essentially argue, as did their title examiner in his opinion, that since all of Albert Sr.'s property vested at his death in his three sons, all subsequent transfers were invalid. We disagree. Based on the evidence before it, and viewing the evidence most favorably to each party in turn, the trial court correctly determined that after Lillian received a life estate from her husband, Charles and Albert Jr. alienated their future remainder interests in Albert Sr.'s estate in consideration of an immediate present possessory interest in five acres each.

It is undisputed that appellants each accepted an immediate five acres of land from Lillian Fales by warranty deed, built houses on that land, and did not pay any taxes on the rest of the land. This is sufficient to remove the case from the statute of frauds. See *Gleason v. Gleason* (1991), 64 Ohio App.3d 667, 673–676, 582 N.E.2d 657, 662–663. Additionally, it is undisputed that after this initial receipt of the five-acre tracts by appellants, no one protested any transfers prior to the death of Frank Fales, nearly twenty years after Albert Sr.'s death.

Appellants make much of the fact that certificates of transfer are not documents which actually transfer the real estate but are only memorializations of how the real estate has been passed. We agree. However, in this case, this argument misses the point. . Pursuant to Civ.R. 56, the trial court properly used the recorded certificates of transfer, along with the other probate documents and recorded deeds, as evidence of appellants' clear intent to alienate or otherwise waive or disclaim their remainder interests. The court's legal conclusion was

correct. See R.C. 2131.04. Appellants produced no material of evidentiary quality to counter this argument or to create a factual dispute on this point. See, generally, *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. Thus, Mary Fales's first, second and fourth assignments of error and Charles Fales's first, second and third assignments of error are overruled.

Finally, we turn to Charles Fales's fourth assignment of error in which he argues that the trial court erred in decreeing that Helen Fales is the sole owner of the property known as Lillian's share.[5] In this assignment of error, Charles argues that Helen was granted more relief than she requested. This assignment of error is not only meritless, but we also commend the trial court for trying to quiet title to the property.

Appellants brought this action as one for partition. As indicated above, a partition action can only be brought by those with an ownership interest in the realty. In ruling on appellants' claims, the trial court necessarily had to determine ownership. Additionally, in her answer to Mary Fales's complaint, Helen Fales specifically requested not only dismissal, but also "all other relief which is just and equitable." This request was broad enough to encompass the court's determination of ownership.

Appellants' eight assignments of error are overruled. Having found appellants' claims to be without merit, we hold that the trial court correctly determined that Helen Fales is the sole owner of the property known as Lillian's share. We further hold that the trial court's order has the effect of quieting title to Lillian's share in the appellee, Helen Fales.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., and PAINTER, J., concur.

---

5. We note that the legal description of Lillian's share is attached to and incorporated into the court's judgment entry of November 30, 1994.