OPINION
Appellant, Cheryl Lanpher, began working for appellee, Chardon Laboratories, Inc., in 1992. On January 26, 1996, appellee terminated appellant's employment.
On July 11, 1996, appellant filed a complaint against appellee and its sole or majority stockholder, Michael R. Smith, for age discrimination, breach of employment contract and promissory estoppel. On September 6, 1996, appellees filed a motion to dismiss pursuant to Civ.R. 12 (B) (6). By memorandum of decision filed May 5, 1997 and judgment entry filed May 21, 1997, the trial court granted the motion as to appellant's breach of contract and promissory estoppel claims and denied the motion as to appellant's age discrimination claim. Appellant voluntarily dismissed the age discrimination claim on August 7, 1997.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE FAIRFIELD COUNTY COURT OF COMMON PLEAS ERRED IN FINDING THAT PLAINTIFF'S SECOND CAUSE OF ACTION, FOR BREACH OF CONTRACT, AS SET FORTH IN HER COMPLAINT, FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.
II
 THE FAIRFIELD COUNTY COURT OF COMMON PLEAS ERRED IN FINDING THAT PLAINTIFF'S THIRD CAUSE OF ACTION, FOR PROMISSORY ESTOPPEL, AS SET FORTH IN HER COMPLAINT, FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.
 I
Appellant claims the trial court erred in dismissing appellant's breach of contract claim pursuant to Civ.R. 12 (B) (6) for failure to state a claim upon which relief may be granted. Appellant claims the complaint alleged sufficient facts to establish said claim to overcome appellee's motion. We disagree.
In reviewing a judgment granting a Civ.R. 12 (B) (6) motion, we must independently review the complaint to determine if the dismissal was appropriate. Rich v. Erie Dept. of Human Resources
(1995), 106 Ohio App.3d 88. We need not defer to the trial court's decision. Id. In order for a trial court to dismiss a complaint pursuant to Civ.R. 12 (B) (6), "it must appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party." (Citations omitted.) Id. at 91.
Appellant does not dispute the employee handbook specifically established an employment-at-will relationship:
Section E.4. EMPLOYMENT AT WILL
 Employment is with the mutual consent of you and the Company. Consequently, both you and the company have the right to terminate the employment relationship at any time, with or without cause or advanced notice. This employment at will relationship will remain in effect throughout your employment with the Company unless it is specifically modified by an express written agreement signed by you and the respective Department Head ratified by the General Manager or President.
Appellant claims the employee handbook and employee statements altered this employment-at-will language and cited the cases of Mers. v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, an Wright v. Honda of Am. Mfg., Inc. (1995), 73 Ohio St.3d 571, insupport:
 2. The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge.
 Mers at paragraph two of the syllabus.
 Today we take the opportunity to decide what other facts and circumstances can be considered by the trial court. Thus, in order to overcome a summary judgment motion and to raise a factual issue as to whether an employment-at-will agreement has been altered by an implied agreement, the trier of fact can consider, in addition to the facts and circumstances set forth in Mers. v. Dispatch Printing Co., supra, such evidence, which includes, but is not limited to, that information contained in employee handbooks, oral representations made by information contained in employee handbooks, oral representations made by supervisory personnel that employees have been promised job security in exchange for good performance, and written assurances reflecting company policy.
 Wright at 574-575.
Appellant claims the following provisions of the employee handbook under the headings Dispute Resolution and Whistleblowing Policy modified the employment-at-will relationship:
Section D.8. DISPUTE RESOLUTION
 An employee dispute resolution system procedure is available to you as a fair and effective means of resolving work-related complaints and problems. You can use the dispute procedure's series of progressive steps, and call on your supervisors and company executives to evaluate your case and decide whether you have been treated fairly. You can use the procedure when you feel a work-related decision is discriminatory, unfair, or inconsistent with established company policies and practices.
* * *
 Once you've brought a complaint to the company's attention, an investigation will be made of it. The managers and supervisors in the company want to insure that there is no discrimination in your workplace. Every one of them has pledged to help with the informal resolution of complaints, where it is possible to resolve the matter in question.
 It is not always possible for the company to grant employees what they would like to have, but if this is the case, the company's position will be explained to you. By bringing it to the attention of the company's staff, you're giving the company a chance to work things out, and we appreciate that. Whether or not the company resolves your complaint to your satisfaction, it would be against the law for anyone to retaliate against you.
 Section W.3. WHISTLEBLOWING POLICY
 Chardon will protect employees who report in good faith what they reasonably believe to be a violation of state or federal law or conditions or practices that would put the health or safety of employees at risk. We ask that employees first report the alleged violation, condition or practice to a person with supervisory authority over the employee and give Chardon time to remedy the situation. No employees will be discharged, threatened, or discriminated against in any manner for reporting what they perceive to be wrongdoing.
Appellant claims the day before her termination, she had sent a memo to management pursuant to the dispute resolution policy about "some aspects of Defendant's payroll practices as applied to Plaintiff, and requested a response and accounting." See, July 11, 1996 Complaint at paragraph 10. This memo is attached to the complaint as Exhibit A. Appellant's memo questioned her salary adjustments from 1992 to 1995 which she believed had been promised but not given. Appellant complained of a shortfall difference between the quoted salary and her actual pay over the three year period.
The employee handbook under Dispute Resolution specifically exempted a decision on wages and benefits:
 You cannot use the complaint procedure to appeal decisions related to the company's responsibility to determine corporate direction or strategy or operating decisions, such as the number and assignment of employees, establishment of rules of conduct, determination of the hours and days of work, starting and quitting time, wages and benefits.
Based upon this specific exemption and the limitation of the whistleblowing policy to "violations of state or federal law or conditions or practices that would put the health or safety of employees at risk," we find appellant's complaint does not qualify under either provision of the employee handbook. The employment-at-will relationship is operative and no formal contract of employment existed. Appellant's breach of contract claim must fail.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in dismissing appellant's promissory estoppel claim pursuant to Civ.R. 12 (B) (6) for failure to state a claim upon which relief may be granted. Appellant claims the complaint alleged sufficient facts to establish said claim to overcome appellee's motion. We disagree.
In Mers at paragraph three of the syllabus, the Supreme Court of Ohio held promissory estoppel is applicable and binding to the employee-at-will relationship:
 The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee.
To support her claim, appellant argues she relied on verbal assurances that employees were "family," and the nonretaliatory language of the dispute resolution policy. See, July 11, 1996 Complaint at paragraph 16.
Ohio law as it now exists does not extend promissory estoppel to the broad scope appellant argues sub judice. In Wing v. AnchorMedia, Ltd. of Texas (1991), 59 Ohio St.3d 108, the Supreme Court of Ohio rejected nonspecific statements as creating promissory estoppel:
 Recently we shed further light on the nature of a promise that can give rise to a promissory estoppel exception to the employment-at-will doctrine. `Standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship. A demonstration of detrimental reliance on specific promises of job security can create an exception to the employment-at-will doctrine. * * *'
 Wing at 110, quoting Helmick v. Cincinnati Word Processing, Inc. (1980), 45 Ohio St.3d 351, paragraph three of the syllabus.
We find no claim of a specific promise let alone detrimental reliance on such.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Reader, J. concur.
 JUDGMENT ENTRY
CASE NO. 97 CA 55
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.