Defendant-appellant Richard F. Davet ("appellant") appeals from the trial court's order granting summary judgment in favor of plaintiff-appellee McDonald, Hopkins, Burke Haber Co., L.P.A. ("appellee") on appellee's claim for unpaid legal fees and costs. Appellant assigns the following error for our review:
 THE LOWER COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
Finding appellant's assignment of error to lack merit, the judgment of the trial court is affirmed.
 I.
Appellant, who was president of Ringco Manufacturing Co., Inc. ("Ringco"), was sued personally by the law firm of Body, Vickers Daniels. Appellant retained appellee to represent him in that lawsuit, captioned Body, Vickers Daniels v. Richard F. Davet,
Cuyahoga County Court of Common Pleas, Case No. CV-277025 ("the BVD litigation"). Appellee successfully defended the lawsuit and, in the process, appellant incurred Eighteen Thousand Three Hundred Seventy Five Dollars and Twenty Cents ($18,375.20) in legal fees and expenses.
Appellant refused to pay appellee the legal fees incurred and costs advanced in the BVD litigation. On June 11, 1997, appellee filed a lawsuit in the Cuyahoga County Court of Common Pleas against appellant for the unpaid legal fees and costs. In its complaint, appellee averred an action on account and a claim of unjust enrichment. On July 10, 1997, appellant filed an answerpro se; appellant's answer contained only a general denial of the allegations contained in the complaint.
On or about August 20, 1997, appellee served appellant with discovery, including a request for admissions pursuant to Civ.R. 36. Appellant failed to respond to appellee's discovery requests, and appellant failed to appear at the first scheduled case management conference. At the second case management conference, the trial court granted appellant an extension of time to obtain counsel.
On October 27, 1997, appellee filed a motion for summary judgment. Appellee's motion for summary judgment was based in part on the unanswered request for admissions submitted to appellant. In addition, appellee attached to its motion the affidavit of Anthony E. Morell, appellee's chief financial officer.
At a case management conference held on November 18, 1997, and at the final pretrial on December 19, 1997. the trial court again advised appellant to obtain counsel as soon as possible. On January 16, 1998, appellant filed a motion to permit withdrawal of admissions and requested leave until February 15. 1998, to respond to appellee's request for admissions. The trial court granted appellant's motion; however, appellant never responded to appellee' s request for admissions.
Appellant failed to respond to appellee's motion for summary judgment or request a continuance pursuant to Civ.R. 56 (F). In a journal entry filed by the court on March 30, 1998, the trial court granted appellee's unopposed motion for summary judgment. Therefrom, appellant has filed the instant appeal.
 II.
In his sole assignment of error, appellant claims that the trial court erred in granting appellee's motion for summary judgment.
Civ.R. 56 (C) provides that summary judgment is proper if the trial court determines that: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." See Hannah v. DaytonPower Light Co. (1998), 82 Ohio St.3d 482, 485, quoting Templev. Wean United, Inc. (1977), 50 Ohio St.2d 317.
A motion for summary judgment forces the moving party to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. See Dresher v. Burt (1996), 75 Ohio St.3d 280,296. It is the non-moving party, however, who must produce evidence on all issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus.
In its unopposed motion for summary judgment, appellee asserted that appellant owed the law firm Eighteen Thousand Three Hundred Seventy Five Dollars and Twenty Cents ($18,375.20) in legal fees and expenses; appellee attached the unanswered admissions and an affidavit by its chief financial officer to support its assertions.
Appellant has asserted on appeal that he did not engage appellee to represent him; appellant insists that Ringco retained the law firm on appellant's behalf. In addition, appellant claims that under his employment contract, Ringco was required to indemnify him for legal fees and costs related to claims arising from performance of his duties as an officer of the corporation. However, despite being provided with ample opportunity by the trial court, appellant failed to present any evidence that he was not personally responsible for the unpaid legal fees and expenses.
Accordingly, appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover off appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON. P.J. and ANNE L KILBANE. J. CONCUR.
 _____________________ LEO M. SPELLACY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E)unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2(A)(1).