Gabriel Matos appeals from a decision of the common pleas court which granted summary judgment in favor of Kaiser Permanente Hospital, Kaiser Foundation Health Plan Ohio, and Dennis M. Rasso, on his complaint against them for slander arising out of accusations that he had stolen property which belonged to them. On appeal, Matos contends genuine issues of material fact exist which preclude summary judgment. After reviewing the record, we disagree and, therefore, affirm the judgment of the trial court in this case.
The record here reveals that on February 12, 1999, Matos filed a complaint alleging that appellees had recklessly, intentionally, and without cause slandered him by accusing him of stealing property which belonged to the hospital and that the false charges had been published and disseminated to others. Almost ten months later, on December 10, 1999, appellees moved for summary judgment on the basis that Matos could not prove that anyone had slandered him or that he suffered any damage. They also asserted the affirmative defense of qualified privilege.
Matos filed a brief in opposition to the summary judgment and cited portions of his own deposition where he stated that Kathy Kowalski had spread the word around the Kaiser emergency room that he had been stealing equipment from Kaiser; he also claimed that no privilege existed because he argued the statements were not published for a proper purpose or in a reasonable manner; finally, he claimed that in an action for slander per se consisting of words which import an indictable offense, damages are presumed.
After considering the briefs, the trial court granted the motion for summary judgment. Matos has now appealed that decision and has assigned the following as error for our review:
 THE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS AS DEFENDANTS FAILED TO ESTABLISH ENTITLEMENT TO SUMMARY JUDGMENT AND THERE ARE GENUINE ISSUES OF MATERIAL FACT WHICH PRECLUDE THE GRANTING OF A SUMMARY JUDGMENT.
Civ.R. 56(C) provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact, if any, show that there is no genuine issue of material fact in dispute, and that the moving party is entitled to summary judgment is a matter of law. Further, in Dresher v. Burt (1996), 75 Ohio St.3d 280, the court clarified the respective burdens placed on the parties stating that a moving party must show the non-moving party has no evidence to support its claims, and that if the moving party has satisfied its initial burden, then the non-moving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial.
To establish defamation, Matos must demonstrate that appellees knowingly published a false statement and that he suffered damages as a result of the statement.
In this case, after conducting discovery, Kaiser Permanente Hospital, Kaiser Foundation Health Plan Ohio and Rasso moved for summary judgment alleging no material facts in issue regarding the elements of the claim asserted by Matos. In their brief in support of that motion, appellees asserted that the United States of America had filed an action in the United States District Court in August, 1998, in connection with the future of radio broadcasting equipment allegedly illegally possessed and used at radio stations on West 25th street, West 48th street, and Madison Avenue, known as 93.7 FM. On September 4, 1998, the complaint was served on Kaiser to attempt to prove the equipment had been taken from Kaiser. While a Kaiser representative did not find any Kaiser property in the seized items, he did locate a Kaiser video recorder and submitted a claim for its return. When Matos tried to reclaim the seized radio equipment items, he became aware of the lien and believed he had been accused. He thereafter filed this action against appellees for slander.
Here, our review of the record demonstrates that in his deposition, Matos failed to establish a prima facie case of slander against appellees. In his deposition, he stated:
 THE WITNESS [MATOS]: All these people, whenever I go to Kaiser, they are all looking at me, you know, like I am funny, and some of them — I hear rumors they have been telling people I have been stealing equipment from Kaiser, and I know about this through Dr. Balei Dantew. He informed me that that was going on with Kaiser, that Kathy Kowalski, I think it is, she was spreading the word around Kaiser in the emergency room, that I was stealing the equipment from Kaiser.
BY MS. SFISCKO:
Q. Who is Kathy Kowalski?
A. She is a nurse.
Q. Now, who is the doctor that told you this?
A. Balei Dantew.
Q. How do you spell this?
A. B-a-l-e-i D-a-n-t-e-w.
Q. And he is a doctor here?
A. That is correct.
Q. What kind of doctor is he?
A. He is an ER doctor.
 Q. And he was saying that Kathy Kowalski was spreading rumors?
A. Correct.
(Tr. 19-20.)
A careful analysis of the state of the record construed most strongly against appellees is that Matos has established that Doctor Dantew informed him that Kathy Kowalski was spreading word in the emergency room that he was stealing equipment from Kaiser. This testimony, however, does not constitute admissible evidence and falls short of meeting Matos' burden to establish a case of slander sufficient to defeat a motion for summary judgment. See, Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, where the court articulated that to defeat a motion for summary judgment, the non-movant must produce evidence on the issues it must prove at trial.
Accordingly, because Matos has not met his evidentiary burden, no genuine issue of material fact exists and the appellees are entitled to judgment as a matter of law. Thus, we have concluded the court properly granted summary judgment in this case.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE