OPINION
{¶ 1} This is an action brought by plaintiff-appellant, Danbert, Inc. ("Danbert"), which arose out of a project involving the widening of Avery Road in the city of Hilliard, Ohio ("Hilliard"). The project was undertaken by Hilliard in conjunction and in coordination with defendant-appellee, Franklin County Engineer ("appellees"). Danbert was a sub-contractor for Miller Pavement Maintenance, Inc., the prime contractor on the project. Danbert seeks recovery for various alleged damages that occurred as a result of alleged extra work due to certain utility interferences and the failure of appellees to obtain timely necessary rights of way encountered during the work on the project. Danbert entered into a contract with appellees for the job as noted above.
 {¶ 2} Danbert did a substantial amount of work under the contract and asserted that while they were paid for most of their work, extra work going far outside of the contract was presented for them to accomplish. As a result of the failure of appellees to provide the necessary rights of way and active interference resulting from appellees' failure to remove certain utility poles and lines, Danbert claims it was damaged by way of the extra work occasioned by appellees. Appellees denied Danbert's claims and asserted that Danbert was paid in full. A motion for summary judgment was filed by appellees and summarily granted by the trial court.
 {¶ 3} Appellant appeals, assigning a single error:
The Trial Court Erred In Sustaining The Joint Motion of All Defendants-Appellees for Summary Judgment As To Plaintiff's Claims, Filed December 16, 2002, And Dismissing All Claims Asserted by Plaintiff-Appellant.
 {¶ 4} Danbert concedes that there was a provision in the contract allowing for "delays." Danbert argues that the trial court's decision "effectively rewards Appellees for an undisputed breach of contract." This was indeed a substantial public project and appellees assert that Hilliard's interference is "an unfortunate common occurrence on a public project." In any case, the record strongly suggests that Danbert was not paid for extra work under the alleged expanded job description. Appellees point out that the contract did contain the aforementioned provision anticipating certain delays. However, the record here demonstrates that the expansion of the contract goes far beyond any reasonable definition of "delay." This case clearly does not appear to fall within the so-called "cardinal change doctrine." It has been said that each case must be analyzed by its own facts and in light of its own circumstances, given just consideration to the magnitude and quality of the changes ordered and the cumulative effect on the project as a whole. See WunderlichContracting Co. v. United States (1965), 351 F.2d 956, 966. We agree that Danbert's evidence, if believed, describes very substantial new work here that does not fall within a reasonable definition of delay, nor the "cardinal change doctrine."
 {¶ 5} In any case, as noted above, the trial court peremptorily granted summary judgment without any discussion concerning the alleged breach by appellees and the damage that allegedly flowed therefrom. This was error on the part of the trial court, in that there is a substantial issue of fact and law, and summary judgment does not appear to be appropriate here. There is no question that summary judgment is a valuable tool to conclude cases without any real merit and where there is no dispute with respect to facts. Under Civ.R. 56, however, summary judgment is only appropriate where there remains no material issue of fact and the movant is entitled to judgment as a matter of law. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108. As noted above, the trial court apparently did not construe the evidence most strongly in favor of the nonmoving party when rendering its decision and summarily granted judgment. Danbert's assignment of error is sustained.
 {¶ 6} Having sustained Danbert's single assignment of error, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
Bryant and Brown, JJ., concur.
WRIGHT, J., retired, of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.