OPINION
{¶ 1} Appellant, Andrew Patrick, appeals from the August 4, 2004 judgment entry in which the Trumbull County Court of Common Pleas granted the motion for summary judgment of appellees, George Bakeris ("Bakeris") and Larry's Truck Electric Service ("Larry's Truck").
 {¶ 2} Appellant filed a complaint on March 27, 2002, against appellees alleging that he was wrongfully discharged from his employment with Larry's Truck through its president, Bakeris. He also made an age discrimination claim and a claim for promissory estoppel.[1] Appellant contended that he detrimentally relied on promises and representations made by appellees. After being granted leave, appellees filed their answer along with a notice of discovery on June 28, 2002.
 {¶ 3} Appellees filed a motion for summary judgment on May 27, 2004. Appellant filed a response in opposition to appellees' motion for summary judgment on June 25, 2004.
 {¶ 4} Appellant was a thirty year employee of Larry's Truck. According to appellant, he started working for Bakeris's father in 1972. At some point during his employment with Larry's Truck, appellant indicated that he was laid off by Bakeris's father because business was slow. Appellant recalled returning to work at Larry's Truck about ten months later with a pay cut. Prior to that, he was making $11 per hour, but he agreed to return to work for $7 per hour. Appellant was told that he would receive health insurance. However, shortly after that, part of appellant's premium for the health insurance was taken out of his checks. When he returned to Larry's Truck after the layoff, he was involved in sales. In 1996, appellant's pay was increased from $7 to a salary of approximately $24,000, which was equivalent to about $11 per hour.[2]
 {¶ 5} Appellant stated that, in his time with Larry's Truck, the only thing that he did not do that he was asked to do was keep a record of all of his stops and the amount of time that he spent with an individual customer. According to appellant, he was requested to do this three times, and he failed to comply.
 {¶ 6} According to appellant, a couple years prior to his discharge, he and Bakeris were talking. Appellant mentioned that he had been laid off in the 1980s by Bakeris's father. At that time, Bakeris told him that he would never be laid off again. However, appellant indicated that no one else was around when that statement was made, nor was the statement put in writing. In appellant's opinion, he devoted a lot of time to Larry's Truck that he never got paid for. He also felt that there were promises made to him that were not kept. He indicated that he helped the company grow and develop.
 {¶ 7} On February 9, 2001, appellant was called into the office by Bakeris. Appellant indicated that Bakeris told him that he was going to have to lay him off because things were slow.
 {¶ 8} In his deposition, Bakeris stated that he did not tell appellant that he would never be laid off again. Bakeris indicated that he did not make any representations to appellant about job security, commission, or salary increases. Bakeris explained that the nature of the business had changed, and although there was a lot of opportunity, appellant did not fit into it because his sales were not increasing. Larry's Truck was not generating enough money in the alternator/starter repair business, which was what appellant was involved in, to justify appellant's salary.
 {¶ 9} In an entry dated August 4, 2004, the trial court granted appellees' motion for summary judgment. Appellant timely filed the instant appeal and now assigns a single assignment of error for our review:
 {¶ 10} "The trial court erred to the prejudice of appellant in ruling that appellant did not rely on promises that he would never be laid off again."
 {¶ 11} Under his lone assignment of error, appellant alleges that the trial court erred in granting appellees' motion for summary judgment when it ruled that appellant did not rely on a promise that a second lay-off would not occur.
 {¶ 12} Summary judgment is appropriate when the moving party establishes the following: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C).
 {¶ 13} If the moving party meets its initial burden under Civ. R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party. Civ. R. 56(E).
 {¶ 14} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "* * * we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. In addition, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 15} Ohio has long recognized the employment at-will doctrine. Mersv. Dispatch Printing Co. (1985), 19 Ohio St.3d 100. According to the doctrine, "`[u]nless otherwise agreed, either party * * * may terminate the employment relationship [at any time and] for any reason which is not contrary to law.'" Kiel v. Circuit Design Technology, Inc. (1988),55 Ohio App.3d 63, 65, quoting Mers at paragraph one of the syllabus. Further, there exists a strong presumption in favor of a contract terminable at-will. Kiel at 65.
 {¶ 16} In Mers, at paragraphs two and three of the syllabus, the Supreme Court of Ohio recognized two narrow exceptions to the employer's right to discharge at-will employees for any reason: (1) the existence of implied or express contractual provisions which alter the terms of discharge and (2) the existence of promissory estoppel where representations or promises have been made to an employee. "The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." Id. at paragraph three of the syllabus.
 {¶ 17} The representation made by the employer must amount to a specific promise of job security or continued employment. "Standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship."Helmick v. Cincinnati Word Processing, Inc. (1989), 45 Ohio St.3d 131, paragraph three of the syllabus. Similarly, a promise of future benefits or opportunities is insufficient to defeat the at-will employment presumption. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,110-111.
 {¶ 18} Here, appellees asserted that they had not promised appellant continued employment. In fact, Bakeris stated that he did not make any representations to appellant about job security, commission, or salary increases. Further, appellant was unable to testify when the promise that he would never be laid off was made and in what context the comment may have been stated. Also, the alleged promise did not indicate that his job would be protected from poor performance and/or insubordination. It is our position that, in view of appellant's deposition, the statements made to appellant were nothing more than a promise of future benefits or opportunities without a specific promise of continued employment.
 {¶ 19} Hence, it is our view that appellees met their burden underDresher. The evidence submitted by appellees demonstrated that any promises they may have made to appellant did not defeat the presumption of employment at will. The burden then shifted to appellant to show that appellees had made sufficient promises to create a contract of employment.
 {¶ 20} Appellant responded in opposition to summary judgment and, although he offered evidence through his own affidavit, he failed to present any evidence that appellees made promises that his position would be permanent or for a set period of time. Appellant attempted to defeat summary judgment through a legal argument that the evidence before the trial court was sufficient to create a contract of employment. However, appellant was never told that he would not be permanently terminated. Although we do not agree with the trial court's analysis of promissory estoppel, since we review de novo, it is our view that the record in the instant matter supported a termination due to economic factors. Furthermore, appellant presented no evidence of detrimental reliance and/or injury. The trial court, therefore, properly granted summary judgment to appellees.
 {¶ 21} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
O'Neill, J., O'Toole, J., concur.
[1] Appellant has abandoned his age discrimination claim because in his appellate brief he only argues about his promissory estoppel claim.
[2] Bakeris's father died in 1997, and Bakeris and his brother took over Larry's Truck.