OPINION
{¶ 1} These are appeals from summary judgment decisions of the Fairfield County Common Pleas Court in consolidated cases arising out of the same event, to wit: Anthony Limato v. Fairfield County, et al., Case No. 00CV184, Janet Poling, Admx. Of the Estate of Tami Kellenbarger v. Fairfield County, et al., Case No. 00CV285 and Justin Kellenbarger, etal. v. Fairfield County, et al., Case No. 00CV268.
 ASSIGNMENTS OF ERROR {¶ 2} The three Assignments of Error are:
 I. {¶ 3} "THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT WHEN THERE EXISTED MATERIAL FACTS WITH REGARD TO WHETHER FAIRFIELD COUNTY WAS IMMUNE FROM LIABILITY."
 II. {¶ 4} "THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT WHEN THERE EXISTED MATERIAL FACTS WITH REGARD TO WHETHER FAIRFIELD COUNTY NEGLIGENTLY DESIGNED, CONSTRUCTED, MAINTAINED AND INSPECTED THE CULVERT."
 III. {¶ 5} "THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT WHEN THERE EXISTED MATERIAL FACTS WITH REGARD TO WHETHER FAIRFIELD COUNTY'S NEGLIGENCE WAS THE PROXIMATE CAUSE OF PLAINTIFF'S INJURIES AND DEATH."
 STATEMENT OF THE FACTS AND CASE {¶ 6} The facts presented are that Tami Kellenbarger and her daughter Courtney Kellenbarger died as a result of an accident on January 22, 1999 in which Tony Limato was injured.
 {¶ 7} This accident occurred as a result of the road surface of Coonpath Road over Pleasant Run Creek's culvert being washed out.
 {¶ 8} Appellants asserted that the wash out and resulting deaths and injuries were due to the negligence of appellees in construction, inspection and maintenance of such culvert.
 {¶ 9} The summary judgment motions of appellees based upon governmental immunity were sustained.
 I., II., III. {¶ 10} Each of the Assignments of Error address the summary judgment ruling and to that extent will be addressed simultaneously.
 {¶ 11} Civ.R. 56(C) states, in pertinent part:
 {¶ 12} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 13} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears that a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. ofTexas (1991), 59 Ohio St.3d 108, citing Celotex v. Catrett (1986),477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 14} Revised Code Chapter 2744 provides an analysis for determining the availability of sovereign immunity to political subdivisions. R.C. § 2744.02(A)(1) provides that a political subdivision is generally not liable for injury, death or loss to persons or property incurred in connection with the performance of a governmental or proprietary function of that political subdivision. This provision is generally referred to as the "blanket immunity" provision.
 {¶ 15} An exception to the defense of such blanket immunity is stated in R.C. § 2744.02(B)(3):
 {¶ 16} "(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge."
 {¶ 17} The Ohio Supreme Court in Franks, Admr. V. Lopez (1994),69 Ohio St.3d 345 has stated:
 {¶ 18} "We decline to expand our definition of the term "nuisance" as found in R.C. § 2744.02(B)(3) to embrace design and construction defects . . ."
 {¶ 19} With this design and construction defect exclusion to the "nuisance" definition and the fact that no claim of notice of the road/culvert washout has been made requiring a road closing, we must then examine the opinions of John F. Robertson, P.E., appellants' expert.
 {¶ 20} He states (paragraph 10) that the California Culvert Practice Handbook set the industry standard for culvert construction.
 {¶ 21} Again in Paragraphs 11, 12, 20, 21, 22, 25, 26, 27, 33, 34, 35, 39 and 41 such expert repeats deficiencies in design and construction.
 {¶ 22} In paragraph 28 he states that the high discharge velocities created erosion and scour but in paragraph 31 acknowledged that such will "not necessarily occur" from such velocities and again refers to design and construction.
 {¶ 23} Only in paragraph 36 does he address improper inspections from which he concludes that the need for corrective action would have been foreseen. However, in paragraph 37 he states that the inspection reports complied with O.D.O.T. mandated requirements for annual inspections but that they were not specific for corrective action or further monitoring.
 {¶ 24} His final conclusion as to the culvert's failure is based on design and construction.
 {¶ 25} We therefore agree with Judge Clark that the opinions of the expert fail to support the allegations of negligence of the appellees under any of the exclusions to the grant of immunity in this governmental as opposed to proprietary function
 {¶ 26} Appellant's Assignments of Error are denied
 {¶ 27} This cause is affirmed.
By: Boggins, J. and Wise, J. concur.
Hoffman, P.J. concurs separately.
Topic: Sovereign Immunity.