OPINION
{¶ 1} This is an appeal from the Ashland County Court of Common Pleas granting appellee Bankers Trust Company's Motion for Summary Judgment in a foreclosure action.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts pertinent to this appeal are not disputed.
 {¶ 3} Appellee's Complaint stated that appellant executed a note secured by a mortgage on real estate at 736 South Road, Ashland, Ohio on December 21, 2000.
 {¶ 4} Appellee asserted that appellant was in default on such debt obligation and prayed for judgment and sale of such realty.
 {¶ 5} After Answer, which was initially pro-se by appellant, the Civ.R. 56 Motion of appellee was filed, with response, and sustained without opinion.
 ASSIGNMENT OF ERROR {¶ 6} "The trial court erred as a matter of law when it granted the appellee summary judgment and when it failed to grant the appellant summary judgment since the appellee failed to demonstrate that it properly accelerated the mortgage loan before it commenced proceedings seeking judgment and foreclosure."
 {¶ 7} The primary issue involved in appellee's Motion and Response thereto involved whether the following acceleration clause in the mortgage in question necessitated advance notice prior to filing the foreclosure:
 {¶ 8} "21. Acceleration; Remedies
 {¶ 9} "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in foreclosure proceeding the non-existence of a default or any other defense of borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding . . ."
 {¶ 10} An additional issue presented was the appropriate pleading of the affirmative defense by appellant as to the lack of notice prior to filing by appellee. No dispute exists that no prior notice was given by appellee.
 {¶ 11} In addressing the Assignment of Error we must first review the applicable standards as to a Motion for Summary Judgment.
 {¶ 12} Civil Rule 56(C) states, in pertinent part:
 {¶ 13} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 15} That aspect of appellee's assertion of inadequate pleading by appellant of his affirmative defense as to non-compliance with the prior notice provision of the mortgage is not well taken as appellant's Answer in paragraph nine states:
 {¶ 16} "9. Failure to state a claim, and failure to properly exercise any right to accelerate any debt due and owing as well as any right to foreclosure."
 {¶ 17} Such affirmative defense is clearly pled with sufficient specificity to satisfy Civ.R. 9(C).
 {¶ 18} We therefore shall turn our attention to the specific mortgage provision stated above as to prior notice.
 {¶ 19} The case of Nixon v. Buckeye Bldg. And Loan Co. (1934), 18 Ohio Law Abs.261, relied upon by appellee to the effect that the filing of the foreclosure adequately complies with the notice provision is easily distinguishable.
 {¶ 20} In Nixon, supra, two provisions authorized acceleration of the indebtedness without advance notice, to wit: (1) failure as to taxes, assessments, or insurance coverage; (2) three months default in payment.
 {¶ 21} In addition, the following acceleration authority was contained in the mortgage:
 {¶ 22} "The company at any time after one year from the date of the note and mortgage, at its option and upon thirty days written notice might declare the note due and payable and enforce the mortgage."
 {¶ 23} This provision required advance notice but the lender in such case initiated the foreclosure due to default, not to the exercise of its annual call provision. Therefore, the reliance for appellee's proposition that the filing is sufficient compliance is completely lacking as the basis of the foreclosure did not require advance notice.
 {¶ 24} It is unnecessary to state the basic concepts of law relative to contractual terminology or that the terms thereof are construed, in the event of an ambiguity or obscurity, against the drawer thereof.
 {¶ 25} It is sufficient to note that the requirement of advance notice states with specificity certain basics, including the default and opportunity to reinstate.
 {¶ 26} We fail to find these terms within the context of the Complaint.
 {¶ 27} We therefore sustain the Assignment of Error and determine that the sustaining of appellee's Motion for Summary Judgment and denial of appellant's Rule 56 Motion constituted reversible error.
 {¶ 28} The judgment of the Ashland County Common Pleas Court is vacated, and the Complaint dismissed without prejudice.
By: Boggins, J., Gwin, P.J. and Wise, J. concur.
Topic: Foreclosure.