OPINION
{¶ 1} This is an appeal of a Civ.R. 56 Motion sustained by the Common Pleas Court of Muskingum County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This cause began by the filing of a foreclosure by appellee based upon a default in required payments under a note and mortgage secured by the real estate of appellants.
 {¶ 3} The existence of the note and mortgage is not in dispute.
 {¶ 4} In their Answer, appellants asserted that appellee wrongfully refused to accept some tendered payments, accepted and returned others and failed to credit payments.
 {¶ 5} On July 22, 2002 appellee filed its motion for summary judgment as supported by affidavit as to default and balance due. No accounting of payments was supplied.
 {¶ 6} Appellants responded as to improper non-application of tendered payments.
 {¶ 7} The Assignments of Error are:
 I. {¶ 8} "The trial court erred in granting plaintiff-appellee's motion for summary judgment in the face of genuine issues of material fact because defendant-appellants stated in their affidavit attached to their memorandum against motion for summary judgment that defendants-appellants tendered payment to plaintiff-appellee on the adjustable rate note and open-end mortgage and the payments were wrongfully and unjustifiably refused by plaintiff-appellee."
 II. {¶ 9} "The trial court erred as a matter of law in granting plaintiff-appellee's motion for summary judgment because plaintiff-appellee's motion did not establish that plaintiff-appellee was entitled to judgment as a matter of law since plaintiff-appellee's motion for summary judgment did not controvert defendants-appellants' assertions that they had made payments on the adjustable rate note and open-end mortgage and the payments were wrongfully and unjustifiably refused by plaintiff-appellee."
I., II.
 {¶ 10} Civil Rule 56(C) states, in pertinent part:
 {¶ 11} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 12} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 13} We shall address each of the Assignments of Error simultaneously.
 {¶ 14} While we cannot conclude as a matter of fact or law that appellants are or are not in default, the standards as to sustaining a Civ.R. 56 Motion have not been met.
 {¶ 15} Appellants have disputed the default by improper non-acceptance of tendered payments. In support of its motion, appellee merely relies on the allegations of its complaint without confronting the position taken by appellants.
 {¶ 16} In light of these matters, can we say that (1) a material matter is not in dispute, or (2) reasonable minds could only reach a conclusion adverse to appellants, when considering these matters most strongly in favor of appellants.
 {¶ 17} The answer is no, we cannot.
 {¶ 18} Therefore, we sustain the Assignments of Error and remand this cause for further proceedings.
By: Boggins, J.; Farmer, P.J. and Hoffman, J. concur.