OPINION
{¶ 1} This is an appeal from certain Summary Judgment rulings of the Court of Common Pleas of Licking County. A cross-appeal was filed by Hartford Fire Insurance Company.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} The facts underlying this appeal and cross-appeal are that Kevin Francis died as a result of an accident of June 17, 1995 while he was operating a motorcycle, on which his wife, Christy Lee Francis was a passenger and received serious injuries. Such accident was the result of the negligence of Deborah J. McCandlish.
 {¶ 3} Two minor children were born of the Francis marriage.
 {¶ 4} Christy Lee Francis was employed by Meijer, Inc. at the date of such accident.
 {¶ 5} Hartford Fire Insurance Company (Hartford) had issued a commercial auto policy with UM/UIM coverage to Meijer, Inc. Royal Insurance Company (Royal) was the carrier of a commercial umbrella liability policy covering such employer.
 {¶ 6} Notice to Hartford of the accident was given approximately on July 13, 2001, subsequent to suit filed against Ms. McLandish. Such suit was also settled without notice to or consent by Hartford.
 {¶ 7} Both Hartford and Royal filed motions for summary judgment, both of which were sustained.
 {¶ 8} It is from said decisions that Appellant and Cross-Appellant appeal, assigning the following errors for review:
ASSIGNMENTS OF ERROR
 {¶ 9} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE HARTFORD'S SUMMARY JUDGMENT BASED ON ITS RULING PLAINTIFF-APPELLANTS' UNDERINSURED MOTORIST CLAIMS WERE BARRED AS A MATER OF LAW BY FAILURE TO COMPLY WITH THE COMMERCIAL AUTOMOBILE POLICY PROVISIONS ON NOTICE, CONSENT AND SUBROGATION. FERRANDO V. AUTO-OWNERS MUTUAL INS. CO., 98 OHIO St.3d 186, 2002-OHIO-7217. PAGES 12-14 MEMORANDUM OF DECISION AND JUDGMENT ENTRY FILED AUGUST 26, 2002."
 {¶ 10} "II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE ROYAL INSURANCE COMPANY SUMMARY JUDGMENT BASED ON ITS RULING PLAINTIFF-APPELLANTS ARE EXCLUDED FROM COVERAGE UNDER THEIR COMMERCIAL UMBRELLA POLICY BECAUSE THE ACCIDENT OCCURRED OUTSIDE THE SCOPE OF EMPLOYMENT. PAGES 1-2, MEMORANDUM OF DECISION AND JUDGMENT ENTRY FILED DECEMBER 18, 2002."
 {¶ 11} "III. THE TRIAL COURT ERRED IN RULING THAT DEFENDANT-APPELLEE ROYAL'S COMMERCIAL UMBRELLA POLICY IS NOT A MOTOR VEHICLE LIABILITY POLICY SUBJECT TO R.C. § 3937.18. PAGES 1-2, MEMORANDUM OF DECISION AND JUDGMENT ENTRY FILED DECEMBER 18, 2002."
 {¶ 12} "IV. THE TRIAL COURT ERRED IN RULING DEFENDANT-APPELLEE ROYAL'S EXCESS COVERAGE DOES NOT EXTEND TO THE UNDERINSURED MOTORIST CLAIM BECAUSE PRIMARY COVERAGE UNDER THE POLICY ISSUED BY DEFENDANT-APPELLEE HARTFORD WAS NOT ESTABLISHED. PAGE 2, MEMORANDA OF DECISION AND JUDGMENT ENTRY FILED DECEMBER 18, 2002."
Appellee/Cross-Appellant Hartford's Assignment of Error is:
 ASSIGNMENT OF ERROR
 {¶ 13} "I. THE TRIAL COURT ERRED IN FAILING TO RULE IN FAVOR OF HARTFORD ON THE ISSUE OF WHETHER HARTFORD'S POLICY OF INSURANCE IS UNAMBIGUOUS AS TO WHO IS AN INSURED BECAUSE THE DRIVE OTHER CAR COVERAGE ENDORSEMENT TO THE HARTFORD POLICY INCLUDES INDIVIDUALS AS NAMED INSUREDS."
 {¶ 14} Civ.R. 56(C) states, in pertinent part:
 {¶ 15} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 16} "Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36."
 {¶ 17} It is based upon this standard we review the assignments of error.
 I. {¶ 18} Appellant in her first Assignment of Error argues that the trial court erred in granting Hartford's motion for summary judgment based upon loss of opportunity to protect potential subrogation rights. We agree.
 {¶ 19} In Ferrando v. Auto Owners Mutual Insurance Co. (2002),98 Ohio St.3d 186, 2002-Ohio-7217, the Ohio Supreme Court held:
 {¶ 20} "(1) an insurer is released from the obligation to provide UIM coverage when the insurer is prejudiced by the lack of reasonable notice or by the insured's failure to obtain consent to settlement of the tort case, overruling Bogan v. Progressive Cas. Ins. Co., 36 Ohio St.3d 22,521 N.E.2d 447; disapproving McDonald v. Republic-Franklin Ins. Co.,45 Ohio St.3d 27, 543 N.E.2d 456; Ruby v. Midwestern Indemn. Co.,40 Ohio St.3d 159, 532 N.E.2d 730; (2) unreasonable delay and breach of a consent-to-settle or other subrogation-related provision are presumed prejudicial to the insurer; (3) the insured bears the burden of rebutting the presumption; and (4) factual questions on the reasonableness of notice and prejudice precluded summary judgment."
 {¶ 21} Based on Ferrando, supra, we find it was incumbent on the trial court to hold an evidentiary hearing to determine if appellant can overcome the presumption of prejudicial effect on appellee Hartford by lack of notice and settlement consent.
 {¶ 22} We therefore sustain Appellant's first assignment of error.
 II., III. {¶ 23} In her second and third assignments of error, Appellant argues that the trial court erred in holding that the Royal commercial umbrella policy was not a motor vehicle liability policy and in excluding coverage to Appellant based upon a scope of employment exclusion. We agree.
 {¶ 24} On the Schedule of Underlying Insurance contained in the Royal policy, the Hartford Insurance Company comprehensive auto liability policy is listed as such.
 {¶ 25} We therefore find such policy to be a motor vehicle policy of insurance requiring that UM/UIM coverage be provided pursuant to the mandates of R.C. 3937.18.
 {¶ 26} As such was not done, we find that UM/UIM coverage arises by operation of law. Selander v. Erie Ins. Group, 85 Ohio St.3d 541,1999-Ohio-287.
 {¶ 27} The declarations page contains the following as the insured: Meijer, Inc. et al.
 {¶ 28} The definitions section defines insured as, inter alia:
 {¶ 29} (a) "The Named Insured — meaning the named Insured stated in Item 1 of the Declarations including any subsidiary company and any other company coming under the Named Insured's control of which it assumes active management.
 {¶ 30} (c) Any employee of the Named Insured, while acting in his capacity when the Named Insured so directs the Company in writing upon a claim being made against such employee.
 {¶ 31} Pursuant to Scott-Pontzer v. Liberty Mutual Fire Ins.Co. (1999), 85 Ohio St.3d 660 and its progeny, we find that such coverage extended to Appellant as an employee of Meijer, Inc.
 {¶ 32} We further find that because such UM/UIM coverage arose by operation of law, the exclusions contained in said umbrella policy do not apply, including the scope of employment exclusion.
 {¶ 33} We therefore find Appellant's second and third assignments of error well-taken and sustain same.
 IV. {¶ 34} In Appellant's fourth assignment of error, Appellant argues that the trial court erred in denying coverage under the Royal commercial umbrella policy based on its finding that there was no existing underlying coverage available to plaintiff. We agree.
 {¶ 35} Based on our findings in Appellant's first assignment of error, we find Appellant's fourth assignment of error well-taken and sustain same.
 Cross-Appeal I. {¶ 36} Cross-Appellant, in its sole assignment of error, argues that the trial court erred in finding that the Hartford policy was ambiguous as to who is an insured because it contained a Drive Other Car Coverage endorsement which included individuals as named insureds. We disagree.
 {¶ 37} This Court has addressed this issue previously in Still v.Indiana Ins. Co., Stark App. 2001 CA 00300, 2002-Ohio-1004, wherein we held that such an endorsement does not remove the ambiguity found by the Ohio Supreme Court in Scott-Pontzer, supra.
 {¶ 38} Cross-Appellant Hartford's sole assignment of error is denied.
 {¶ 39} The decision of the Licking County Court of Common Pleas is affirmed in part and reversed in part and remanded for proceeding consistent with this opinion.
By: Boggins, J., Edwards, J. concur.
Hoffman, P.J, concurs separately.