OPINION
{¶ 1} Appellant, Terry M. Smith, a.k.a. Terry Smith, appeals from the August 28, 2007 judgment entry of the Portage County Court of Common Pleas, granting the motion for summary judgment of appellee, Chase Home Finance, LLC, and ordering foreclosure.
 {¶ 2} On June 24, 2005, appellee filed a complaint in foreclosure against appellant and defendants Unknown Spouse (if any) of appellant, Portage County *Page 2 
Treasurer, JPMorgan Chase Bank, John D. LaCasella, and Citibank, N.A., based upon a note secured by a mortgage on property located at 1317 Old Forge Road, Mogadore, Portage County, Ohio, 44260, owned by appellant.[1] The complaint requested judgment in the amount of $178,156.59 plus interest at the rate of 6.875 percent per annum from February 1, 2005, plus costs, and a judgment in foreclosure on the property. On July 27, 2005, appellant filed an answer.
 {¶ 3} On August 15, 2005, appellee filed a motion for summary judgment pursuant to Civ. R. 56. Pursuant to its August 19, 2005 judgment entry, the trial court gave appellant twenty-one days, or until September 11, 2005, to respond. On September 13, 2005, two days out of rule, appellant filed a motion for leave to file a motion in opposition to appellee's motion for summary judgment and a motion for leave to file an amended answer to appellee's complaint. On September 16, 2005, the trial court granted appellee's motion for summary judgment and ordered foreclosure. However, on September 22, 2005, upon motion of appellant, she was granted leave to plead. Appellant filed an amended answer on September 22, 2005, indicating that she tendered payment in the amount of $178,156.59 on June 11, 2005, and that it was rejected by appellee.[2]
Also on September 22, 2005, appellant filed a motion in opposition to appellee's motion for summary judgment. *Page 3 
 {¶ 4} On November 7, 2005, appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B). On November 22, 2005, appellee filed a motion in opposition.
 {¶ 5} On January 24, 2006, the trial court vacated the September 16, 2005 judgment entry and decree in foreclosure, and granted appellee leave to file a new motion for summary judgment.
 {¶ 6} On April 5, 2006, appellee filed a second motion for summary judgment. After being granted an extension by the trial court, appellant filed a motion in opposition to appellee's second motion for summary judgment on June 15, 2006. Appellee filed a reply on July 5, 2006. The trial court denied appellee's second motion for summary judgment on July 10, 2006.
 {¶ 7} Following a status conference, on March 29, 2007, the magistrate issued an order setting a new dispositive motion deadline.
 {¶ 8} On July 13, 2007, appellee filed a third motion for summary judgment.[3] On August 17, 2007, appellant filed a motion in opposition. Appellee filed a reply on August 22, 2007. Appellant filed a motion to dismiss pursuant to Civ. R. 12(B)(6) on August 22, 2007. Appellee filed a memorandum in opposition to appellant's motion to dismiss on August 24, 2007.
 {¶ 9} Pursuant to its August 28, 2007 judgment entry, the trial court granted appellee's motion for summary judgment. The trial court found that the note is in default in the amount of $178,156.59, plus interest on the principal amount at the rate of 6.875 percent per annum from February 1, 2005, and entered judgment against appellant. The trial court ordered that unless the sums are fully paid within three days from the *Page 4 
date of the entry of the decree, the equity of redemption shall be foreclosed and the property sold at a sheriff's sale. The judgment was stayed pending appeal. It is from that judgment that appellant filed a timely notice of appeal and asserts the following assignment of error for our review:[4]
 {¶ 10} "The lower court erred in awarding judgment in favor of [appellee] as [appellee] did not meet its burden of proof that the alleged debt had not been discharged."
 {¶ 11} In her sole assignment of error, appellant argues that the trial court erred in awarding judgment in favor of appellee because appellee did not meet its burden of proof that the alleged debt had not been discharged. Appellant alleges that genuine issues of material fact are in dispute. She notes that there was no trial by jury, no full disclosure of the contract, and the alleged debt was satisfied. Appellant also maintains that appellee violated Regulation Z of the Truth in Lending Act.
 {¶ 12} "This court reviews de novo a trial court's order granting summary judgment." Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, at ¶ 8, citing Hagood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, at ¶ 13. "A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." Id.
 {¶ 13} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary *Page 5 
judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v. Burt [(1996), 75 Ohio St.3d 280, 296,] the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Misteff v. Wheeler (1988), 38 Ohio St.3d 112." Welch v. Ziccarelli, 11th Dist. No. 2006-L-229,2007-Ohio-4374, at ¶ 40.
 {¶ 14} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, * * * is too broad and fails to account for the burden Civ. R. 56 places upon a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity withMisteff. (Emphasis added.)" Id. at ¶ 41. *Page 6 
 {¶ 15} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' Id. at 276. (Emphasis added.)" Id. at ¶ 42.
 {¶ 16} In the case at bar, the record establishes that appellant executed the note in which she promised to make monthly payments in the amount of $1,261.31 on or before the first day of each month. Appellee is the owner and holder of the note. The total amount due under the note was accelerated in accordance with the terms of the note and mortgage. Appellant executed and delivered the mortgage. The mortgage was recorded with the County Recorder and is a valid and subsisting first lien on the property. Appellee is the owner and holder of the mortgage, which secures the amounts due under the note. Appellant and appellee intended that the mortgage attach to the entire fee simple interest in the property.
 {¶ 17} Again, appellant tendered payment on June 11, 2005 in the amount of $178,156.59, a sum equal to the principal balance of her debt. On July 12, 2005, appellee sent a letter to appellant stating that it could not accept her payment because the funds were insufficient to cure the default, and returned the payment to appellant.
 {¶ 18} Appellant alleges that a genuine issue of material fact exists because she tendered partial payment and appellee rejected it, thereby discharging her obligation under R.C. 1303.68(B), which provides: "[i]f tender of payment of an obligation to pay an *Page 7 
instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates."
 {¶ 19} Clearly, there is no genuine issue of material fact that appellant executed and delivered a note and mortgage to appellee. However, a genuine issue of material fact does exist due to the fact that appellant tendered the entire principal payment and appellee rejected it.
 {¶ 20} "`[W]here there is substantial performance upon one side, there should be substantial performance upon the other side; and there is substantial performance upon one side when such performance does not result in any wrongful substantial injury to the other side.'" U.S.Bank, N.A. v. Stewart, 2d Dist. No. 21775, 2007-Ohio-5669, at ¶ 45, quoting Ohio Farmers' Ins. Co. v. Cochran (1922), 104 Ohio St. 427, 434.
 {¶ 21} An injured party, under contract law, has a duty to mitigate its damages and may not recover those damages which it could have reasonably avoided. S D Mech. Cntrs., Inc. v. Enting WaterConditioning Sys., Inc. (1991), 71 Ohio App.3d 228, 238.
 {¶ 22} Here, although appellant was in breach of contract for not making her monthly payments in a timely manner and for failing to pay the entire amount (i.e. the principal plus interest), she partially performed and/or substantially complied due to the fact that she attempted to pay $178,156.59, the principal balance of her debt. In fact, the note at issue gives appellant the right to prepay, either partially or in full. Based on *Page 8 
the facts presented, appellee should not have rejected appellant's payment and had a duty to mitigate its damages.
 {¶ 23} We note that Whitney K. Cook ("Cook"), an employee of appellee, indicated in her affidavit at paragraph ten that appellant tendered partial payment on June 11, 2005. Cook testified that the payment was for the principal amount but did not include late charges, interest, and other costs recoverable, therefore, it was insufficient and rejected.
 {¶ 24} Also, paragraph eighteen of the mortgage instrument contains the HUD language setting forth conditions under which appellant (the borrower) has a right to reinstatement. The conditions relate to the amount of money the borrower needs to tender. It is clear from the note what the interest rate is and what the late fee is (five percent of the payment amount). The borrower would also have to tender an amount equal to the expense of enforcement and any sums needed to assure that the security remains. We find it hard to imagine that the security was impaired due to the tendering of the $178,156.59 payment.
 {¶ 25} At the very least, there is a question of fact raised by appellee's own affidavit. The issue is the determination of appellee's damages in a breach of contract, mitigation, interest and expense of enforcement, assuming the amount tendered was accepted.
 {¶ 26} Thus, the trial court erred by granting appellee's motion for summary judgment.
 {¶ 27} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Portage County Court of Common Pleas is reversed and *Page 9 
the matter remanded for further proceedings consistent with this opinion. It is ordered that appellee is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur.
[1] Defendants are not named parties to the instant appeal. By way of background, on February 5, 1999, appellant executed and delivered a note in the amount of $192,000, which was secured by a mortgage, filed February 10, 1999, granting a first and best lien on the property. Under the terms of the note, appellant is required to make monthly installment payments to appellee on or before the first day of each month in the amount of $1,261.31. On or about March 28, 2005, appellee sent appellant a written notice of default, giving her thirty days to bring her loan current. Appellant failed to comply.
[2] On July 12, 2005, appellee sent a letter to appellant stating that it could not accept her payment because the funds were insufficient to cure the default. Appellee returned the payment to appellant.
[3] Appellee mistakenly captioned the motion as its "Second" motion for summary judgment.
[4] On August 27, 2008, appellant filed a notice of additional authorities pursuant to App. R. 21(H). At oral argument, appellee made an oral motion to strike. Appellant's notice of additional authorities is hereby overruled. *Page 1